Emma Clara ZEPHYR, Appellant,

v.

Carl Edward ZEPHYR, Appellee.

No. A14–83–235CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1984.

Jack W. Knight, Houston, for appellant.

Nell H. Holloway, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Emma Clara Zephyr, filed a petition for divorce and division of property based on the assumption that a common law marriage existed between herself and appellee, Carl Edwin Zephyr. Appellee filed an answer with a general denial and a cross-action requesting the court to declare that no marriage relationship exists between the parties and to settle all rights to property between the parties. An Intervenor, Jamison and Associates, filed a plea in intervention which asserted that intervenor had an ownership interest in a car in the possession of appellee. The judgment of the trial court declared in part 1) that appellee was owner of the car and that intervenor take nothing by its plea in intervention; 2) that no valid common law marriage was entered into by the parties; and 3) that the house known as 2510 Seventh Street, Galena Park, Texas is the sole property of appellee and that appellant is divested of any interest in this property.

Appellee has moved to dismiss this appeal under TEX.R.CIV.P. 387 on three grounds: 1) appellant's failure to serve the intervenor with her motion for new trial as required by TEX.R.CIV.P. 21; or 2) appellant's failure to notify counsel for intervenor of the filing of the appeal bond as required by TEX.R.CIV.P. 354(b); or 3) appellant's failure to properly limit her appeal to the portion of the judgment which does not concern the intervenor under TEX.R. CIV.P. 353.

■■■■ Appellant's failure to comply with TEX.R.CIV.P. 353 is not a ground for dismissal of appeal under Rule 387. Appellant's failure to limit the appeal has no effect on appellant's right to have her points of error considered. Further, appellant's failure to serve intervenor with her motion for new trial and failure to give intervenor notice of the filing of the appeal bond do not affect the rights or interests of appellee in any respect. These complaints belong to the intervenor and appellee has no standing to assert them. We therefore overrule appellee's motion to dismiss this appeal.

The following issues remain for our consideration: 1) whether there is evidence to support the trial court's judgment that the parties did not enter into a valid common law marriage and 2) whether the trial court erred in divesting appellant of her interest in real estate obtained as co-grantee under the deed. We affirm the judgment as to the first issue and reverse and render as to the second.

■■■■ Appellant contends in her fourth and seventh points of error that the trial court erred in adjudicating the property rights of the parties because a domestic relations court, such as the trial court, is without jurisdiction to determine property rights in the absence of a decree of divorce. Appellant's contention would be correct, but for appellee's cross-action which requested the court to adjudge that the parties were never married and to settle the property rights of the parties. The trial court has the jurisdiction provided for by the constitution and the general laws of this state for district courts. TEX.REV. CIV.STAT.ANN. art. 199a § 3.071, § 2.009 (Vernon Supp.1982–1983). We hold that the trial court acted within its jurisdiction in adjudicating appellee's cross-action. Points of error four and seven are overruled.

Appellant contends in her second point of error that the trial court erred in adjudging that the parties did not enter into a valid common-law marriage. Appellant, however, did not request findings of fact and none were filed. In such a case, the trial court's judgment implies all necessary fact findings in support of the judgment. In reviewing the record to determine if any evidence supports the judgment, it is proper to consider only the evidence favorable to the judgment and to disregard all evidence or inferences to the contrary. *Goodyear Tire and Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978).

In any judicial proceeding, the marriage of a man and woman may be proved by evidence that they agreed to be married; that after the agreement, they lived together in this state as husband and wife; and they represented to others that they were married. TEX.FAM.CODE ANN. § 1.91 (Vernon 1975). Appellant presented evidence in support of each of these elements. Appellee, however, denied two of the elements. He testified that he never agreed with appellant to be her husband and that he never represented to others that he was married to appellant. Nor had he heard appellant make any such representation. This evidence is sufficient to support the trial court's judgment that the parties did not enter into a valid common-law marriage. Point of error two is overruled.

The merit of appellant's third point of error was dependent on our sustaining of point of error two. Points of error five and six are related to evidence of a prior marriage of appellant acting as a legal impediment to common-law marriage. Because the trial court could have based its judgment on appellee's testimony denying the elements of common law marriage, it is not necessary that there be sufficient evidence of a prior marriage for the judgment to stand. These points of error will not be addressed since they are rendered inconse-quential by our overruling of appellant's second point of error.

Appellant contends in her first point of error that the trial court erred in divesting her of any interest in the real estate known as 2510 Seventh Street, Galena Park, Texas. The deed to this property names appellant and appellee as grantees. The execution and delivery of this deed transferred legal title to both appellant and appellee. *Stephens County Museum, Inc. v. Swenson*, 517 S.W.2d 257 (Tex.1974).

Appellee argues that he is entitled to complete ownership of the property on the basis of the legal theory of inception of title as expressed below in *Wierzchula v. Wierzchula*, 623 S.W.2d 730, 731–732 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ):

> The character of property is determined at the time of inception of title. Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested. *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949).

This doctrine is used to determine as between married parties the character of their property as community or separate. This doctrine has no application to parties who have never been married and who hold legal title as co-grantees under a deed.

When a deed is made to more than one grantee and the interest of each is not stated, a rebuttable presumption arises that each of the grantees is vested with title to an equal undivided interest in the property. *Wooley v. West*, 391 S.W.2d 157, 159 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). This presumption can be rebutted by showing that the grantees did not furnish consideration in equal shares. *Bray v. Clark*, 9 S.W.2d 203, 205 (Tex.Civ.App. —Waco 1928, writ dism'd).

The deed to the property known as 2510 Seventh Street, Galena Park, Texas, lists Carl Edwin Zephyr and Emma Clara Zephyr as grantees. This deed creates a presumption that appellant and appellee each received title to an equal, undivided

interest in the property. Appellee attempts to rebut this presumption with evidence that 1) appellant did not sign the earnest money contract; 2) the earnest money paid came from appellee's tax refund; and 3) that appellant and appellee qualified for the Veteran's Administration loan for the purchase money on the basis of appellee's military service. We do not believe this evidence to be sufficient to overcome the basic presumption. The record shows that the consideration for the property consisted of a $100 downpayment and $9,600 of funds obtained from a loan executed by both appellant and appellee. The deed of trust securing the loan was executed by both appellant and appellee. The appellant and appellee continued to live together in the house for several years after the purchase of the house. As appellant and appellee shared joint liability on the promissory note secured by the deed of trust, we deem appellant and appellee to have furnished the consideration for the Galena Park property in equal proportions. We therefore conclude that appellant and appellee as co-grantees in the deed each own an equal undivided interest in the Galena Park property.

We also note that the trial court made rulings with regard to real property rights existing between appellant and a third party. We make no ruling with regard to the validity of that part of the trial court's judgment. That issue is not before us on appeal.

We do hold, however, the trial court erred in divesting appellant of her one-half undivided interest in the property known as 2510 Seventh Street, Galena Park, Texas. We accordingly reverse the portion of the trial court's judgment which divests Emma Clara Zephyr of her interest in the Galena Park property and render judgment that Emma Clara Zephyr and Carl Zephyr each own an equal undivided one-half interest in the Galena Park property. We affirm the remainder of the trial court's judgment that is properly before us on appeal.