Emma Clara **ZEPHYR,** Appellant,

v.

Carl Edward **ZEPHYR,** Appellee.

No. A14–83–235CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 19, 1984.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION ON MOTION FOR REHEARING

DRAUGHN, Justice.

Appellee, in his first point of error on motion for rehearing points out that the part of the record which relates to the trial of a plea in intervention concerning the ownership of a car was not brought up on appeal. Appellee argues that because the record is incomplete that appellant was required to limit her appeal under Rule 353 of the Texas Rules of Civil Procedure and that her appeal should be dismissed for failure to comply with Rule 353. As we stated in our first opinion, the failure to limit an appeal under Rule 353 is not a ground for dismissal under Rule 387 of the Texas Rules of Civil Procedure. 679 S.W.2d 553. The consequence of noncompliance with Rule 353 is that the appeal will not be limited; in other words, any party may appeal from any part of the judgment. *McDaniel v. Carruth*, 637 S.W.2d 498, 507 (Tex.App.—Corpus Christi 1982, no writ).

In his second point of error on motion for rehearing appellee contends that this court erred in failing to dismiss this appeal for want of jurisdiction. Appellee's position is that appellant failed to timely perfect her appeal because she filed her appeal bond more than thirty days after the trial court signed the judgment on January 25, 1983. Appellee asserts that appellant's filing of a motion for new trial did not extend the time for the filing of the appeal bond to ninety days after the judgment was signed under Rule 356 of the Rules of Civil Procedure, because appellant failed to give notice of the filing and of the date set for hearing to all parties, as required by Rules 21 and 21a, and the filing of the motion for new trial is therefore without legal effect. Appellant does not contend that he did not receive notice of the motion for new trial but relies on the failure of appellant to give notice to the intervenor. However, appellant's failure to provide intervenor with notice does not prevent the filing of the motion for new trial from extending the filing deadline for the appeal bond. Rule 356 only requires that the motion for new trial be filed in order for the bond filing deadline to be extended; it does not additionally require that notice of the filing be given to all parties. The failure to provide notice of the filing of the motion for new trial and hearing on the motion simply gives the party without notice the right to challenge any order which affects its interest issued by the trial court on such motion. Appellant timely perfected her appeal by filing bond within ninety days of the date the trial court signed the judgment.

Appellee additionally contends for the first time, in his motion for rehearing, that he did not receive notice of the filing of the appeal bond and that this appeal should be dismissed for failure of appellant to provide notice as required by Rule 354(b). We deny appellee's request to have this appeal dismissed on this ground, because appellee has not demonstrated that detriment resulted to him from the failure to receive notice. *Harrison v. Harrison*, 543 S.W.2d 176 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

Appellee's second point of error is overruled.

Appellee's third and fourth points of error are overruled and will not be discussed as they have been adequately addressed in this Court's opinion issued on June 7, 1984.

Appellee's motion for rehearing is overruled.