**In the Matter of the MARRIAGE OF Don Quindal MURRAY and Lula Mae (Murray) Butaud.**

No. 06–99–00058–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 8, 2000.

Decided March 7, 2000.

Blair A. Bisbey, Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Doreen Z. Bartlett, Houston, Ted G. Walker, Buna, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

# OPINION

Opinion by Chief Justice CORNELIUS.

Don Quindal Murray appeals from a divorce decree awarding certain real property to his former wife, Lula Mae Butaud. Murray contends that he and Butaud were co-owners of the property, and that the trial court erred in characterizing the property as Butaud's separate property.

Murray and Butaud were married on August 31, 1996. Several months before their marriage, in March of 1996, they acquired two contiguous fifteen-acre tracts of land. One fifteen-acre tract was vacant (the "vacant land"), and the other fifteen-acre tract had a house on it in which the couple subsequently resided (the "Pineview property").[1] Butaud paid the entire purchase price of the vacant land with her separate property funds, and the deed to that parcel named Butaud as the sole grantee. Murray has not claimed an ownership interest in the vacant land.

Murray does claim an undivided one-half interest in the Pineview property. The Pineview property was acquired before Murray and Butaud married. The warranty deed for the Pineview property listed both Butaud and Murray as grantees,[2] but Butaud testified that she only allowed Murray's name to be on the deed as a conciliatory measure to put the marriage on good footing. Butaud paid

$500.00 in earnest money and made a $23,-497.09 down payment for the Pineview property with her separate property funds. Both Murray and Butaud signed the purchase money note for the remaining $33,-900.00.[3] Over the next two years, both Butaud and Murray made payments on the note with their separate and community property funds.

On June 12, 1998, Murray filed for divorce. The case was tried in the district court without a jury, and the trial court took the property division issues under advisement at that time. The court requested the parties to submit summation letters setting out what they each contended to be a fair and equitable division of the property. Murray recommended that the court award the Pineview property to Butaud, with an offsetting judgment of $38,-877.43 in his favor. On February 9, 1999, the trial court rendered a final decree of divorce declaring, among other things, that the Pineview property was solely Butaud's separate property. Murray filed a motion for new trial contesting this finding, and the motion was denied.

Neither party requested findings of fact or conclusions of law from the trial court. In that situation, the judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). All findings necessary to sup-

---

1. Lots 1, 2, and 3 of Cougar Country, Section Number 5, a subdivision in Jasper County, Texas.

2. The appellate record does not contain an executed copy of the deed. However, both Murray and Butaud testified that the deed was in both their names.

3. The fact that both Murray and Butaud signed the note is supported by several pieces of evidence. The closing statement for the property shows that both Murray and Butaud are named on the note. Also, Murray testified that he signed the note, and Butaud did not dispute him. Moreover, unexecuted copies of the vendor's lien for the property tends to suggest that the note was in the names of both Murray and Butaud.

Butaud points out that only an *unexecuted* copy of the vendor's lien was introduced into evidence at the time of trial, yet Murray attached an *executed* copy of the vendor's lien to his appellate brief. Although this issue is not outcome determinative, we wish to make it clear that we have only considered the unexecuted copy of the lien, because the executed copy was not in evidence at the time of trial. It is elementary that an appellate court generally may not consider matters outside the appellate record. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex.App.-Austin 1991, writ denied) (attachment of documents to brief is not formal inclusion in record).

port the trial court's judgment will be implied, if the findings are supported by the evidence. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Lemons v. EMW Mfg. Co.,* 747 S.W.2d 372, 373 (Tex. 1988). We will consider only the evidence most favorable to the judgment and will disregard that which is opposed to it. *Worford v. Stamper,* 801 S.W.2d at 109 (citing *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950)).

In his sole point of error, Murray contends that he and Butaud were co-owners of the Pineview property and, therefore, the trial court erred in characterizing it as solely Butaud's separate property.

■ Under the inception of title doctrine, the character of property as separate or community depends on whether the parties were married at the time the ownership right originated. *Strong v. Garrett,* 148 Tex. 265, 224 S.W.2d 471 (1949). All property that a spouse owned or claimed before marriage is that spouse's separate property. TEX. CONST. art. XVI, § 15; TEX. FAM.CODE ANN. § 3.001 (Vernon 1998). Although trial courts have broad discretion in the division of the marital community property, that discretion does not extend to separate property. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex.1977). The trial court may not divest a party of his separate property by a divorce decree. *Eggemeyer v. Eggemeyer,* 554 S.W.2d at 142.

■ Nevertheless, property possessed by either spouse on dissolution of the marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003 (Vernon 1998). To overcome this presumption, a party must establish by clear and convincing evidence that the disputed property is separate property. *Id.*

All the evidence reflects that the Pineview property was purchased before the parties married. Consequently, there is clear and convincing evidence that the Pineview property is separate. Murray and Butaud do not dispute that the proper-

ty is separate property. The issue is who owns the separate property.

■ Relying on the inception of title doctrine, Butaud argues that she is the sole owner of the property, because the title originated when she paid the earnest money with her separate property funds. Butaud's argument is misguided. The inception of title doctrine determines the *character* of property as either separate or community. *Strong v. Garrett,* 148 Tex. 265, 224 S.W.2d 471. Courts must look beyond the inception of title doctrine to determine ownership. The evidence here conclusively establishes that the Pineview property is separate property because title originated before marriage. Thus, the ownership is determined pursuant to general property law.

■ Under general property law principles, a deed is prima facie evidence of the grantee's ownership. *Zieben v. Krakower,* 346 S.W.2d 401, 405 (Tex.Civ. App.-Houston 1961, writ ref'd n.r.e.); *Freeman v. Commercial Union Assur. Co.,* 317 S.W.2d 563, 569 (Tex.Civ.App.-Texarkana 1958, writ ref'd n.r.e.). Where a deed names more than one grantee and the interest of each grantee is not stated, a rebuttable presumption arises that each of the grantees is vested with title to an equal undivided interest in the property. *Zephyr v. Zephyr,* 679 S.W.2d 553, 556 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Wooley v. West,* 391 S.W.2d 157, 159 (Tex.Civ.App.-Tyler 1965, writ ref'd n.r.e.); *see also Belkin v. Ray,* 142 Tex. 71, 176 S.W.2d 162, 165 (1943). This presumption can be rebutted by showing that the grantees did not furnish the consideration in equal shares. *Zephyr v. Zephyr,* 679 S.W.2d at 556; *Bray v. Clark,* 9 S.W.2d 203, 205 (Tex.Civ.App.-Waco 1928, writ dism'd).

The deed to the Pineview property named Murray and Butaud as grantees. Thus, they were each presumptively vested with title to an undivided one-half interest in the property. For Butaud to estab-

lish more than a one-half interest in the property, she had the burden to prove that she contributed a greater amount to the purchase price. Butaud would then own that percentage of the property that is proportional to the amount she contributed to the total purchase price.

■ Butaud did conclusively prove that she contributed $23,497.09 for the down payment and $500.00 for the earnest money. However, the vendor's lien was in the names of both Murray and Butaud. Moreover, Butaud testified that both she and Murray paid the note on the lien. Thus, there is no evidence to support the trial court's implied finding that Butaud contributed all of the consideration for the purchase price.

■ Butaud argues that Murray should be estopped from contesting the trial court's finding, because in his summation letter he requested that the Pineview property be awarded to Butaud in exchange for an offsetting money judgment in his favor. A party may be estopped from attacking a judgment on the ground that it divested him of his separate property, where the judgment was made pursuant to an agreement between the parties. *See McLendon v. McLendon*, 847 S.W.2d 601, 608 (Tex.App.-Dallas 1992, writ denied); *Boyett v. Boyett*, 799 S.W.2d 360, 363 (Tex.App.-Houston [14th Dist.] 1990, no writ). But here, the trial court's judgment did not conform to Murray's agreement, because he was not awarded an offsetting money judgment as he requested. Because the judgment did not comply with Murray's agreement, he is not estopped to contest it.

We conclude that the trial court erred in finding that the Pineview property was Butaud's separate property. Accordingly, we reverse the judgment dividing the estates of the parties, and remand that portion of the case to the trial court for a proper division.