NUMBER 13-00-055-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DENNIS WESLEY PROCTOR , Appellant,


v.

JANET LEE PROCTOR , Appellee.

___________________________________________________________________


On appeal from the 267th District Court

of Goliad County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


Appellant, Dennis Proctor (Dennis), brings this appeal from the divorce decree that dissolved his marriage to appellee,
Janet Proctor (Janet). In two points of error, he complains the trial court committed reversible error by mischaracterizing
separate property as community property and failing to afford him due process in a post-trial ex parte contempt proceeding. 
We affirm.

During their marriage, Dennis and Janet were awarded more than six million dollars in damages arising from a serious
injury Dennis received on the job. However, prior to collecting on their judgment, the insurer for one of the defendants
became insolvent. Disputes arose between the defendants regarding their joint and several liability. Dennis and Janet
eventually entered into a settlement agreement with all of the insurers, except the insolvent one. Under the agreed
settlement, Dennis and Janet received $150,000.00 cash up front, their attorney's fees, and approximately $60,000.00 in
tax-free quarterly payments for the next twenty-five years. Two large lump sums are due to be paid at the end of the
twenty-five year period. Dennis and Janet subsequently settled with the insolvent insurer for $250,000.00. Until they
separated, Dennis and Janet deposited the settlement payments into a joint bank account and used the payments for the
benefit of the entire family. In the divorce decree, the trial court held that both settlements were community property and
divided the settlement payments equally between Dennis and Janet.

In his first point of error, Dennis contends that the trial court committed reversible error by mischaracterizing separate
property as community property. Specifically, Dennis argues that the two settlements are his separate property because they
were created in his name and are directly traceable to the personal injury judgment awarded to him.

A trial court may not divest a spouse of his or her separate property. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex.
1977); Schlafly v. Schlafly, 33 S.W.3d 863, 871 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). If the trial court
mischaracterizes property in its division of the marital estate, the error requires reversal if the mischaracterization has more
than a de minimus effect on the court's just and right division of the property. See Vandiver v. Vandiver, 4 S.W.3d 300, 302
(Tex. App.-Corpus Christi 1999, pet. denied). There is a statutory presumption that property possessed by a spouse at the
time of the dissolution of a marriage is community property. See Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998);
Vandiver, 4 S.W.3d at 302; Licata v. Licata, 11 S.W.3d 269, 272 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). A
spouse seeking to rebut the presumption of community property must do so by clear and convincing evidence. Tex. Fam.
Code Ann. § 3.003(b); Licata, 11 S.W.3d at 272. Clear and convincing evidence is the degree of proof that produces in the
mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Slaton v.
Slaton, 987 S.W.2d 180, 182 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). A spouse seeking to rebut the
presumption bears the burden of tracing and clearly identifying the property claimed as separate. See Vandiver, 4 S.W.3d at
302; Welder v. Welder, 794 S.W.2d 420, 425 (Tex. App.-Corpus Christi 1990, no writ).

Money recovered as compensation for personal injuries sustained by a spouse is the separate property of that spouse,
including damages for disfigurement, physical pain and suffering in the past and in the future. See Tex. Fam. Code ann. §
3.001 (Vernon 1998); Licata, 11 S.W.3d at 273. However, not all personal injury damages are separate property. Damages
that are community property include lost wages, medical expenses, and other expenses associated with an injury to the
community estate. See Licata, 11 S.W.3d at 273. When a spouse receives a personal injury settlement from a lawsuit
during marriage, some of which could be separate property and some of which could be community property, it is that
spouse's burden to demonstrate which portion of the settlement is his separate property. Id.; Kyles v. Kyles, 832 S.W.2d
194, 198 (Tex. App.-Beaumont 1992, no pet.). Without clear and convincing evidence showing the recovery is solely for
the personal injury of a particular spouse, the spouse does not overcome the presumption that all property received during
marriage is community property. See Licata, 11 S.W.3d at 273; Kyles, 832 S.W.2d at 198. 

Dennis contends that the inception of title doctrine establishes that the settlement awards are his separate property. Under
the inception of title doctrine, the character of property as separate or community depends on whether the parties were
married at the time the ownership right originated. In re Butaud, 15 S.W.3d 202, 205 (Tex. App.-Texarkana 2000, no pet.). 
All property owned or acquired before marriage is that spouse's separate property. See id. However, in this case, not only
was the personal injury judgment made while Dennis and Janet were married, but so were both settlement agreements. 
Therefore, since the property was acquired during the marriage, the character of the settlement agreements is presumed to
be community. See Rusk v. Rusk, 5 S.W.3d 299, 303 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). Dennis's
contention is therefore unfounded.

Dennis also contends that Janet made a gift to him of her property interest in the settlement agreements. A gift cannot be
made without the intent to make a gift. Scott v. Scott, 805 S.W.2d 835, 840 (Tex. App.-Waco 1991, writ denied). The
burden of proving a gift is on the party claiming the gift was made. Rusk, 5 S.W.3d at 303. Dennis cites Cockerham v.
Cockerham, 527 S.W.2d 162 (Tex. 1975), which held that where one spouse uses separate property consideration in the
acquisition of property acquired during the marriage, and title to the property is taken in the name of the other spouse, the
presumption is that a gift is intended. Id. at 168. This presumption, however, can be rebutted by evidence establishing
there was no intent to make a gift. Id.; In re Morris, 12 S.W.3d 877, 881 (Tex. App.-Texarkana 2000, no pet.). In this
instance, Janet testified she thought the settlements were for the benefit of the family. She also testified on cross
examination that, "the money that went into the trust was ours." Although Janet's testimony is not conclusive, Dennis
failed to present evidence clearly rebutting her testimony that she did not intend to make a gift. See Robles v. Robles, 965
S.W.2d 605, 616 (Tex. App.-Houston [1st Dist.] 1998, pet. denied).

Dennis also argues that the settlements are his separate property because he purchased annuities with them in his name. 
However, both settlement agreements state that they are made by and between Dennis and Janet Proctor. The annuities
were purchased with money from the settlements while Dennis and Janet were married. Following the inception of title
doctrine, the annuities took the character of community property because they were purchased during their marriage. In re
Butaud, 15 S.W.3d at 205.

Dennis further contends he traced the settlement amounts back to the personal injury judgment, and that because it is for his
personal injuries, the money is his separate property. The personal injury judgment awarded Dennis $1,521,264.00 in
economic damages and $4,625,000.00 in non-economic damages. Dennis contends this judgment establishes an award of
separate property. However, Dennis did not cite, and this Court does not find, any Texas cases that have specifically held
that economic damages are community property and non-economic damages are separate property. Further, Dennis has
failed to cite to any place in the record where we can determine the causes of action brought against the defendants, the
nature of his injuries, or the types of damages awarded for his injuries. When different kinds of damages are claimed in a
single cause of action, we look to the nature of each injury when classifying those damages as community or separate
property. Douglas v. Delp, 987 S.W.2d 879, 883 (Tex. 1999); see Graham v. Franco, 488 S.W.2d 390, 396-97 (Tex. 1972)
(classifying damages from personal injury suit as community or separate property based on whether injury was to the
individual spouse, such as pain and suffering, or ultimately to the marital community, such as loss of earning capacity). 

When the defendants settled with Dennis and Janet, there was no attempt to segregate the amounts awarded to them as
individuals; such as for pain and suffering, loss of consortium, etc. In the absence of evidence proving what amounts, if
any, of the settlement proceeds were separate or community property, it must be conclusively presumed that the entire
proceeds are community property. See Kyles, 832 S.W.2d at 198. Also, at the beginning of both settlement agreements,
there is a statement that the agreement and release is between both Dennis and Janet. Neither of the two settlement
agreements contain language bearing on the question of the separate or community nature of the payments provided for in
those agreements. Cf. Licata, 11 S.W.3d at 274 (two settlement agreements specifically pointed out the nature of the
payments as separate property, "payment herein is made for physical pain and mental anguish and physical disfigurement
alone" and, "[t]he sum announced herein is being paid exclusively on the basis of pain, suffering, mental anguish and other
intangible damages"). Therefore, it appears that the settlements lumped together all of the damages arising from Dennis's
injury, with no attempt to apportion the damages. Because there is no clear and convincing evidence of a specific amount
that is solely for Dennis's separate personal injury damages, we must presume that the whole settlement is community
property. See id. at 273; Kyles, 832 S.W.2d at 198. Accordingly, Dennis's first point of error is overruled.

In his second point of error, Dennis contends he was denied due process by the trial court's ex parte contempt proceeding,
which included a default judgment assessing a money judgment against him. A contempt judgment is reviewable only by a
petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is
involved). Cadle Co. v. Lobinger, 50 S.W.3d 662, 671 (Tex. App.-Fort Worth 2001, pet. denied); In re M.E.G., 48 S.W.3d
204, 209 (Tex. App.-Corpus Christi 2000, no pet.). Decisions in contempt proceedings cannot be reviewed on appeal
because contempt orders are not appealable, even when appealed along with a judgment that is appealable. Cadle Co., 50
S.W.3d at 671; In re M.E.G., 48 S.W.3d at 209; Metzger v. Sebek, 892 S.W.2d 20, 55 (Tex. App.-Houston [1st Dist.] 1994,
writ denied). No writ of mandamus was filed when Dennis was fined $12,000.00 in contempt for violating a court order. 
Accordingly, we lack jurisdiction to consider Dennis's second point of error, see In re M.E.G., 48 S.W.3d at 209, and
dismiss this portion of his appeal. See Metzger, 892 S.W.2d at 55.

Accordingly, Dennis's first point of error is overruled and his second point is dismissed for lack of jurisdiction. The trial
court's judgment is affirmed.

Furthermore, all pending motions are hereby denied and the May 3, 2000, stay in the trial court is lifted.

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 6th day of December, 2001.