IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00437-CV

 

Raymel Mathis, Maye Mathis, Louise 

Mathis, Patsy Mathis, Betty Mathis-Stagg, 

James Mathis, Jr., Ruby Mathis-Torme, 

Claudean Mathis, Robert Mathis, Sharon 

Mathis, Marcus Mathis, Anthony Mathis, 

Dwight Mathis, Sandra Mathis, Marjorie 

Mathis, and Joyce Mathis,

                                                                                Appellants

 v.

 

James Coker and daniel rutherford

                                                                                Appellees

 

 

 



From the 87th District Court

Leon County, Texas

Trial Court No. 0-05-146

 



MEMORANDUM  Opinion



 








          This is an appeal from a judgment of
partition in which Appellants, sixteen brothers and sisters (the “Mathises”), challenge
the trial court’s award of an undivided 4/5 property interest to James Coker
and Daniel Rutherford.  The Mathises present six issues: (1) the court erred by
finding that Coker and Rutherford own a 4/5 property interest; (2) the evidence
is legally and factually insufficient to support a finding that Coker and
Rutherford own a 4/5 property interest; (3) Coker and Rutherford are not bona
fide purchasers; (4) the evidence is legally and factually insufficient to
support a finding that Coker and Rutherford are bona fide purchasers; (5) the
judgment contains incorrect recitations; and (6) the trial court’s partition
order and findings are in error because the amount of interests awarded is
erroneous.  We affirm.

LEGAL AND FACTUAL SUFFICIENCY

          A legal sufficiency challenge requires consideration of “whether
the evidence at trial would enable reasonable and fair-minded people to reach
the verdict under review.”  City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005).  We “must credit favorable evidence if reasonable jurors
could, and disregard contrary evidence unless reasonable jurors could not.”  Id.  This standard also applies to a
court’s findings made in a bench trial.  See Bank of Am. v. Hubler, 211
S.W.3d 859, 862 (Tex. App—Waco 2006, pet. granted, judgm’t vacated w.r.m.); see
also Ludwig v. Encore Med., L.P., 191 S.W.3d 285, 294 (Tex. App.—Austin
2006, pet. denied); Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).

A factual sufficiency challenge
to issues on which the appellant did not bear the burden of proof requires us
to “consider and weigh all of the evidence.”  Checker Bag Co. v. Washington, 27 S.W.3d 625, 633 (Tex.
App.—Waco 2000, pet. denied).  We will reverse the “verdict only if it is so contrary
to the overwhelming weight of the evidence that the verdict is clearly wrong
and unjust.”  Id.  On issues
where the appellant “bears the burden of proof,” we will reverse only if,
“considering all the evidence, the finding is so contrary to the great weight
and preponderance of the evidence as to be manifestly unjust.”  Id.

 

Interests in the Property

In their first and second issues, the Mathises
contend that the evidence is legally and factually insufficient to support a
finding that Coker and Rutherford own a 4/5 interest in the property.

“A joint owner or claimant of
real property or an interest in real property or a joint owner of personal
property may compel a partition of the interest or the property among the joint
owners or claimant.”  Tex. Prop. Code
Ann. § 23.001 (Vernon 2000).  The plaintiff is not required to trace title back to a common
source.  See
Trevino v.
Trevino, 64
S.W.3d 166, 171 (Tex. App.—San Antonio 2001, no pet.).  Rather, “a plaintiff need only
establish that he owns an
interest in the property and has a right to possession of a
portion thereof.”  Id.

Pearl Mathis owned approximately 41.21 acres of
land in Leon County.  Pearl’s five children, Ella, Janie, Howard, Lucille, and
James, each inherited a 1/5 interest in the property.  Coker and Rutherford
subsequently purchased Howard, Ella, Janie, and Lucille’s interests.  Only the
conveyances of Janie, Lucille, and Howard’s interests are in dispute.[1]

The Mathises first challenge the sufficiency of
the evidence supporting the court’s finding that Coker and Rutherford acquired
Janie and Lucille’s interests.  Janie and Lucille are deceased; thus, their
children signed the warranty deed to Coker and Rutherford.  The Mathises question
the children’s ownership interest in the property, arguing that Janie and/or
Lucille may have: (1) disposed of the property by will; or (2) died intestate,
leaving a life estate to their surviving spouses, if any, and a mere remainder
interest to their children.  The record is silent as to either issue.

“Under general property law
principles, a deed is prima
facie evidence of the grantee’s ownership.”  In re Murray, 15 S.W.3d 202, 205 (Tex. App.—Texarkana 2000, no pet.) (citing Zieben v. Krakower, 346 S.W.2d 401, 405 (Tex. Civ. App.—Houston [1st Dist.] 1961, writ
ref’d n.r.e.)).  By presenting a
deed conveying Janie and Lucille’s individual 1/5 interests, Coker and
Rutherford provided evidence establishing their ownership in 2/5 of the
property.  See
id.; see
also Trevino, 64 S.W.3d at 171.  Coker testified that he and Rutherford purchased
property from four of Pearl’s five children and that the only interest they did
not purchase was James’s 1/5 interest.  The Mathises did not object to this evidence or present any
evidence contesting Coker and Rutherford’s proof of ownership.  Neither did the
Mathises object when the court clarified with Rutherford that a 4/5 interest
had been purchased.  Accordingly,
the record contains evidence which would enable the court to reasonably
conclude that Coker and Rutherford acquired Janie and Lucille’s interests.

The Mathises next challenge the sufficiency of
the evidence supporting the court’s finding that Coker and Rutherford obtained
Howard’s property interest.  The record contains title documents from the sale
to Coker and Rutherford that list the amount of proceeds distributed to Ella,
Janie, and Lucille, but not to Howard.  Coker could not explain this omission.  Neither
does the record contain a deed from Howard to Coker and/or Rutherford.  Arguing
that the deed was inadvertently omitted from the record, Coker and Rutherford
have provided us with a certified copy of a warranty deed from Howard to Coker
and urge us to take judicial notice of this deed.

We may take judicial notice of facts “not subject to
reasonable dispute,” such as those:

(1) generally known within the territorial
jurisdiction of the trial court or 

 

(2) capable of accurate and ready determination
by resort to sources whose accuracy cannot reasonably be questioned.  

 

Tex. R. Evid. 201(b).  Because the sale of Howard’s interest
is in dispute, we cannot say that the deed’s contents are “not subject to reasonable
dispute” in satisfaction of Rule
201.  Id.  Therefore, we decline to take
judicial notice of this deed.

Coker and Rutherford also contend that the
Mathises’ attorney judicially admitted that a 4/5 interest had been purchased:

MR. MINGER:  Yes, ma’am.  Our position is,
basically, this four-fifths interest that -- that was purchased by Mr. Coker
and Mr. Rutherford should not have been purchased -- been able to be purchased
by them at all, primarily because the defense -- I guess, as you know, Your
Honor, of a judicial partition, if there was an agreement amongst the family
members in the family not to partition the land, then that -- that is a defense
that speaks directly to a judicial partition.

 

To qualify as a judicial
admission, a statement must be “deliberate, clear, and unequivocal.”  Byrd v. Estate of Nelms, 154 S.W.3d 149, 166 (Tex.
App.—Waco 2004, pet. denied) (citing Holy
Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001)).  This includes
“statements made by a party’s attorney.”  Charles Brown, L.L.P. v. Lanier
Worldwide, Inc., 124 S.W.3d 883, 900 (Tex. App—Houston [14th Dist.] 2004,
no pet.) (citing DeWoody v. Rippley, 951 S.W.2d 935, 946 (Tex. App.—Fort
Worth 1997, writ dism’d by agr.)).  Mr. Minger’s statement could reasonably be
interpreted as merely stating that Coker and Rutherford claim a 4/5 interest in
the property and explaining why the Mathises dispute this claim.  We cannot say
that this statement is sufficiently “deliberate, clear, and unequivocal” to constitute a
judicial admission.  Byrd, 154 S.W.3d at 166.

The record contains one document mentioning
Howard: a letter from Schwab Realty instructing Howard to provide information
to Rutherford for the “Heirship form in the legal document” so that Rutherford could obtain signatures for the “finished document.”  The record does not
indicate to what “document” the letter was referring.  Coker testified that he discovered
the property through Howard’s realtor, but never met or communicated with Howard.
 He also testified that he and Rutherford paid taxes on the property and that
they purchased all but James’s 1/5 interest in the property.  James Mathis’s daughter, Sharon
Mathis, testified that suing Howard was “an option.”  The Mathises pointed out
the absence of a warranty deed or an accounting for Howard, but presented no
testimony, documents, or other evidence contrary to Coker’s testimony that
Howard’s interest was purchased.  In light of Coker’s uncontroverted testimony,
the record contains evidence which would enable the court to reasonably
conclude that Coker and Rutherford established ownership in Howard’s 1/5 interest in the property.

In summary, the court could reasonably conclude from
the evidence that Coker and Rutherford possess a 4/5 interest in the disputed
property.  See City of Keller, 168 S.W.3d at 827.  This finding is not “so contrary to the overwhelming
weight of the evidence that the verdict is clearly wrong and unjust.”  Checker Bag, 27 S.W.3d at 633.  Therefore,
we overrule the Mathises’ first and second issues.

Bona Fide Purchasers for Value

          The Mathises’ third and fourth issues
challenge the legal and factual sufficiency of the evidence to support a
conclusion that Coker and Rutherford are bona fide purchasers.

          A bona fide purchaser is one who “acquire[s] property in good
faith, for value, and without notice of any third-party claim or interest.”  Madison v. Gordon, 39 S.W.3d 604, 606 (Tex. 2001).  “Notice may be
constructive or actual.”  Id.  A purchaser with “personal information or
knowledge” possesses actual notice.  Id.  “Constructive notice is
notice the law imputes to a person not having personal information or
knowledge.”  Id.  The Mathises argue that the evidence is factually and
legally insufficient to support lack of notice.

According to Sharon Mathis, the Mathis family
verbally agreed “to keep that land within the family” and “anybody in the
family had the first right of refusal.”  This agreement was purportedly made
sometime in the 1950s.  Sharon testified that her brother Dwight expressed his
desire to exercise this right of first refusal.  At no time was this agreement
reduced to writing.  In fact, Sharon testified that no one had discussed
recording the agreement to place others on notice of the agreement.

Based on this “agreement,” the Mathises pleaded
a “prior contractual obligation” as an affirmative defense.  Coker and
Rutherford did not amend their petition to assert bona fide purchaser status or
statute of frauds.  The court made no findings as to either issue.  However, the
Mathises’ attorney elicited testimony from Coker, without objection, regarding
his knowledge of the agreement.  Rutherford, acting as counsel for both himself
and Coker, elicited testimony from Sharon, without objection, regarding whether
anyone thought to record the agreement.  Under these circumstances, the issues
were tried by consent.  See Tex. R. Civ. P. 67; see also De La
Morena v. Ingenieria E Maquinaria De Guadalupe, S.A., 56 S.W.3d 652, 659 (Tex. App.—Waco
2001, no pet.); Pine Trail Shores Owners’ Ass’n v. Aiken, 160 S.W.3d 139, 146 (Tex.
App.—Tyler 2005, no pet.).

Coker testified that he had no
knowledge of any prior agreements.  Rutherford did not testify; the record is silent as to whether
he possessed any knowledge or had any notice of the agreement that may be
imputed to Coker.  The Mathises contend that they could not call Rutherford, an
attorney, as a witness.  However, an attorney may be called as a witness when
he is a party to the action and is acting pro se or he receives the consent of
his client.  See Tex. R. Prof’l Conduct
3.08(a)(4), (b) reprinted in Tex. Gov’t
Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar. R. art. X, §
9); see also In re Sanders, 153 S.W.3d 54, 57 (Tex. 2004).  Under these provisions, the Mathises could have called Rutherford as a
witness.  The record contains no evidence indicating that Coker and Rutherford possessed
knowledge of the agreement and were not bona fide purchasers.

Furthermore, an unrecorded property interest is
not binding on a subsequent
purchaser who lacks notice of the interest.  See Tex. Prop. Code Ann. § 13.001 (Vernon 2004).  Under the statute of frauds, “certain promises and agreements
are unenforceable unless they are in writing and signed by the person sought to
be charged.”  Case
Corp. v. Hi-Class Bus. Sys. of Am., Inc., 184 S.W.3d 760, 777 (Tex. App.—Dallas 2005, pet.
denied); see Tex. Bus.
& Com. Code Ann. § 26.01(a) (Vernon Supp. 2006).  This includes agreements regarding the sale of land and
agreements not performable within one year.  See Tex.
Bus. & Com. Code Ann.
§ 26.01(b)(4), (6).  The verbal Mathis family agreement falls within both these
categories and is unenforceable.  See Tex. Bus. & Com. Code Ann. § 26.01(a).

Absent evidence indicating Coker and
Rutherford’s knowledge of the agreement, and in light of the fact that the
agreement is unenforceable under the statute of frauds, the court could
reasonably conclude from the evidence that Coker and Rutherford own a 4/5
interest in the property.  See City of Keller, 168 S.W.3d at 827.  This finding is not “so contrary to the overwhelming
weight of the evidence that the verdict is clearly wrong and unjust.”  Checker Bag, 27 S.W.3d at 633.  We
overrule the Mathises’ third and fourth issues.

Because the evidence is legally and factually
sufficient to support the trial court’s finding that Coker and Rutherford own a
4/5 interest in the property, we do not find it necessary to address the
Mathises’ sixth issue.  See Tex.
R. App. P. 47.1.

Recitations in the Judgment

          In their fifth issue, the Mathises
argue that the trial court’s judgment is “of no effect” because it contains the
following erroneous recitations: 

Defendants although duly served with citation by
publication, wholly failed to appear and made default…

 

John Mallard, the Court appointed attorney for
the Defendants named in the citation by publication, appeared and announced to
the Court that he had examined the papers on file herein and had determined
that all Defendants were properly served with citation by publication.

 

The Mathises argue that these recitals are
erroneous because no default judgment occurred and because Mallard did not
appear and announce on their behalf.[2]  Coker
and Rutherford argue that these recitals do not prevail over the “decretal
language or paragraph” in the judgment.  We agree.

          “The factual recitations or reasons preceding the
decretal portion of a judgment form no part of the judgment itself.”  Alcantar v. Okla. Nat’l Bank, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.). 
If “there appears to be a discrepancy between the judgment’s recital and
decretal paragraphs, a trial court’s recitals, which precede the decretal
portions of the judgment, do not determine the rights and interests of the
parties.”  Id.  “Rather, the decretal provisions in the judgment
control.”  Id.  Thus, the incorrect recitals contained in the judgment
are not controlling and do not render the judgment “of no effect.”  We overrule
the Mathises’ fifth issue.

          Having overruled each of the Mathises’
issues, we affirm the trial court’s judgment.       

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without a separate opinion)

Affirmed

Opinion delivered and
filed May 9, 2007

[CV06]









[1]           The record contains a warranty deed
from Ella and her two children conveying Ella’s 1/5 interest in the property to
 Rutherford.  





[2]
              Sharon Mathis testified that she first heard about the suit from
a newspaper clipping and that she was not personally served, but was served by
publication.  The record contains the publication printed in the Centerville newspaper.