

# NUMBERS 13-12-00227-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE LUIS GARCIA,                                                              Appellant,

v.

JOANNA ANAYA,                                                                 Appellee.

## On appeal from the County Court at Law No. 7 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

The trial court entered judgment against appellant Jose Luis Garcia and awarded the sum of $110,000 to appellee Joanna Anaya as fair and just compensation for her undivided one-half interest in the parties' home. By a single issue, Garcia argues that

the trial court, being a county court, lacked subject-matter jurisdiction to determine title to real property and therefore erred by granting Anaya an interest in the home.[1]  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

Garcia and Anaya were involved in a romantic relationship.  They lived together for several months, had a child together, and contracted with Keystone Construction to build a home.  After they ended their relationship, Anaya moved out of the home and sued for conservatorship and child support for their child.  She later amended her petition to add a divorce suit, asking the trial court to find that a common-law marriage existed between the parties and to divide the couple's marital property.

During the bench trial, Garcia admitted that he sold the home for $200,000, but that he did not give Anaya any of the money.  Anaya testified the cost of the home construction was $181,000 and the cost of the lot was $40,000.  The trial court entered a "Judgment for Conservatorship, Child Support, Child Support Arrearage and Property Division," which included various orders concerning the parties' child and the division of the parties' property.  Specifically, the trial court "decreed" in its judgment, in relevant part, that Garcia and Anaya, pursuant to an oral partnership, purchased a home as tenants in common for the purpose of owning and occupying the home; that the parties jointly owned, used, and enjoyed the home; that Anaya expended labor and her separate

---

[1]  The trial court found and concluded that Garcia and Anaya were not common-law married and that no division of a "marital estate" was required.  However, the trial court made findings and entered orders for conservatorship and child support and divided various assets/liabilities of the parties.  Garcia has not challenged the sufficiency of the evidence to support the trial court's judgment and has not otherwise challenged the judgment on appeal.

[2]  Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

2

funds for improvements to the home; that Garcia wrongfully sold and conveyed Anaya's one-half interest in the home; and that Garcia did not pay Anaya for her interest in the home. The trial court awarded Anaya the sum of $110,000 as fair and just compensation for her undivided one-half interest in the home. This appeal of the trial court's judgment ensued.

## II. ANALYSIS

Garcia argues that the trial court, as a statutory county court, lacked subject-matter jurisdiction to determine title to real property and that the trial court's judgment is thus void in that respect. We disagree that the trial court lacked the subject-matter jurisdiction to award Anaya compensation for the wrongful sale of her one-half interest in the home.

Subject-matter jurisdiction is an issue of law which we review de novo. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Subject-matter jurisdiction is never presumed and cannot be waived. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied). When, as here, the trial court does not issue fact findings in support of its judgment, we presume that the trial court resolved all factual disputes in favor of its judgment. *See Am. Type Culture Collection v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002); *Glattly v. CMS Viron Corp.*, 177 S.W.3d 438, 445 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The Texas Property Code provides guidelines for adjudicating title interests and possessory rights in real estate. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Chapter 22 of the Property Code governs trespass-to-try-title suits, which are used to determine "title to

3

lands, tenements, or other real property." Tex. Prop. Code Ann. §§ 22.001–22.045 (West 2000); *Lighthouse Church*, 889 S.W.2d at 603; *see Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 389 (Tex. 2011) (citing section 22.001(a) of the Texas Property Code and discussing trespass-to-try-title suits). Generally, district courts have exclusive jurisdiction to determine title to real property. *See Doggett v. Nitschke,* 498 S.W.2d 339, 339 (Tex. 1973); *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.).

On appeal, Garcia characterizes the trial court's judgment as determining title to real property. The undisputed trial testimony, however, shows that Garcia and Anaya did not dispute title in this lawsuit. Rather, by the time of trial, Garcia had already sold the property, and Anaya's claim was necessarily a suit for money damages resulting from the sale. The question of title to property is only incidental to a suit for money damages when, as here, there is no real dispute between the parties over the question of title. *See Noelke*, 266 S.W.3d at 648 (citing numerous cases in which a county court retained jurisdiction because the question of title was only incidental to the lawsuit); *see also Kalteyer v. Wipff*, 65 S.W. 207, 207 (Tex. Civ. App.—San Antonio 1901, no writ) (holding that proof of title, while essential to recovery of one-third of rental income from property, was collateral to suit for damages and did not defeat the county court's jurisdiction). Thus, we disagree with Garcia that the trial court determined title to real property.

By statute, the County Court at Law Number 7 of Hidalgo County, Texas has concurrent jurisdiction with the district court in "family law cases and proceedings" and in "civil cases in which the matter in controversy does not exceed $750,000 . . . ." *See* Tex.

4

GOV'T. CODE ANN. § 25.1102(a)(1),(2) (West 2004). The record of the bench trial shows the parties tried by consent whether there was a joint venture or partnership between the parties as would support the trial court awarding Anaya a one-half interest in property even if no informal marriage existed. *See* TEX. R. APP. P. 67; *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) (holding the issue of the existence of a partnership was tried by consent when both parties understood the issue was contested, presented evidence on the issue, and one party had the issue submitted in the jury charge without objection); *Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) (holding the issue of notice to accelerate alimony payments was tried by consent in a bench trial when no objection to the lack of pleadings was raised and the parties argued and presented evidence on the issue). In this case, the parties presented evidence of their individual contributions to the house purchase and their agreement to purchase the house together. In closing argument, Anaya asked the court for equity from the sale of the house even if the trial court did not find an informal marriage. Garcia did not object to the trial of the joint-venture or partnership issue. In his closing argument, Garcia argued the evidence was insufficient to show a joint venture to purchase the house. The evidence showed damages well within the $750,000 jurisdictional limit of the county court. *See* TEX. GOV'T. CODE ANN. § 25.1102(a)(2).

We find this case distinguishable from the cases Garcia relies on involving legally married couples whose marital property could not be divided when the trial court denied a divorce. *See e.g.*, *Choate v. Choate*, 576 S.W.2d 656, 657 (Tex. Civ. App.—Beaumont 1978, no writ) (holding that trial court lacked jurisdiction in divorce suit to divide marital

property and determine conservatorship of children when it denied divorce); *Burns v. Burns*, 126 S.W.333, 334 (Tex. Civ. App. 1910, no writ) (holding that once district court denied married couple a divorce, it lacked jurisdiction to adjudicate their property rights because the parties remained married). We find this case is factually more like *Zephyr v. Zephyr*, in which a woman sued for divorce premised on a common-law marriage, and upon finding no marriage existed, the district court had jurisdiction to adjudicate the parties' property rights based on the man's cross-claim for an adjudication of property rights. 679 S.W.2d 553, 555 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The *Zephyr* Court reasoned that while the domestic-relations court in question normally could not divide property absent a divorce decree, the cross-action and the district court's general jurisdiction under state law, vested it with jurisdiction to divide the couple's property. *Id.* In this case, as in *Zephyr*, the trial court did not find a marriage so as to divide the property incident to divorce. However, Anaya's proof at trial of a joint venture that supported her claim for damages and the trial court's general jurisdiction, vested the trial court with authority to award Anaya the $110,000 in damages. We overrule Garcia's sole issue on appeal.

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
16th day of January, 2014.

6