**Howard GRANT, M.D., Appellant**

v.

**Shawna M. CLOUSER and Valerie M. Jamison, as the Personal Representative of the Estate of Mark E. Jamison, Sr., Appellees.**

**No. 14–07–00789–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 2009.

Sherman E. Anderson, Houston, for appellants.

Raymond Jones Jr., Valerie M. Jamison, Houston, for appellees.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Howard Grant, M.D. appeals the trial court's judgment following a bench trial on his application for partition by sale of jointly owned real property under section 23.001 of the Texas Property Code and Texas Rule of Civil Procedure 770. The appellees are Valerie M. Jamison, as the Personal Representative of the Estate of Mark E. Jamison, Sr., and Shawna Clouser. Grant contends the trial court erred when it denied his application for partition by sale on the basis that homestead rights attached to cotenant Shawna Clouser's 25 percent interest in the real property. We reverse and remand.

## Background

Ernest Clouser and Gwendolyn McCall Jamison were married on December 22, 1968. In 1969, they purchased a residence at 5028 Winnetka Street in Houston, described as "Lot Seventeen (17), in Block Eighty-four (84) of RIVERSIDE TERRACE, NINETEENTH SECTION, a sub-division in Harris County, Texas, according to map thereof recorded in Volume 17, Page 13 of the Map Records of Harris County, Texas." A deed conveying this real property to Ernest and Gwendolyn Clouser was filed of record in Harris County on July 15, 1969.

Gwendolyn Clouser died intestate on February 2, 1975. Her children, Shawna Clouser and Mark E. Jamison, Sr., inherited Gwendolyn's 50 percent community property interest in the 5028 Winnetka Street property in equal shares of 25 percent each. Ernest and Shawna Clouser both used the property as their homestead until Ernest remarried and moved into another home with his new wife, Margaret E. Clouser. Shawna Clouser continued to use the property as her homestead after Ernest Clouser remarried.

On March 4, 1993, Grant obtained a $43,033 judgment against Ernest Clouser. An abstract of judgment was filed of record at the Harris County Clerk's Office on August 9, 1993. Harris County Constable Victor Trevino subsequently executed on the 1993 judgment; he levied on the 5028 Winnetka Street property on September 5, 2000.

Trevino sold Ernest Clouser's 50 percent interest in the 5028 Winnetka Street property to Grant at a constable sale held on October 3, 2000. Trevino issued a Deed under Execution to Grant on November 10, 2000. The deed was filed of record at the Harris County Clerk's Office on November 14, 2000, and states as follows:

I, Victor Trevino, Constable Precinct No. 6 of Harris County ... have granted, sold and conveyed, and by these presents, do grant, sell and convey unto the said, *Howard Grant,* for the use and benefit of itself, its successors and assigns all estate, right, title, and interest which said *Ernest Clouser* had on the 4th day of March, 2000 or anytime afterwards, in and to the following land and premises, as described in said Execution, viz:

Lot Seventeen (17), in Block Eight-four (84), of Riverside Terrace, Nineteenth Section, a sub-division in Harris County, Texas according to the map or plat thereof recorded in Volume 17, Page 13 of the Map Records of Harris County, Texas. Or more commonly known as 5028 Winnetka St. Houston, Texas 77021.

To have and to hold the above described land and premises unto the said, *Howard Grant,* its successors and assigns forever, as fully and as absolutely as I

... can convey by virtue of said execution.

Grant filed an application for partition and order of sale naming Shawna Clouser and Mark E. Jamison, Sr. as defendants on June 30, 2006. Grant asserted in his application that he obtained Ernest Clouser's 50 percent interest in the property by Harris County Constable's Deed. Grant asked the trial court to order a sale, contending that the property is not capable of fair and equitable division or fair and equitable use by two unrelated joint owners. Grant also asked the trial court to determine "the share or interest of each of the joint owners or claimants" in the property.

Shawna Clouser filed her original answer on July 24, 2006, asserting that Grant's interest in the property is invalid and that Grant's application for partition by sale is barred by article XIV, section 50 of the Texas Constitution because she "has been using said property as her Texas Urban Homestead since 1989."

Grant filed a joint motion for default judgment against Mark E. Jamison, Sr. and for summary judgment against Shawna Clouser on August 22, 2006. The trial court signed a judgment granting both motions on September 20, 2006. The trial court later granted Shawna Clouser's and Mark E. Jamison, Sr.'s motion to set aside the September 20, 2006 judgment, and set the case for trial.

On December 18, 2006, Grant filed an amended application for partition and order of sale naming as defendants Shawna Clouser and the personal representative of Mark E. Jamison, Sr.'s estate, Valerie M. Jamison. Grant asserted that he obtained Ernest Clouser's 50 percent interest by Harris County Constable's Deed. He also asserted that Shawna Clouser and Mark E. Jamison, Sr. equally inherited Gwendolyn Clouser's 50 percent interest in the property upon her death. Contending that the property is not capable of fair and equitable division or fair and equitable use in kind, Grant asked the court to (1) "order a sale of the subject property in its entirety;" (2) determine "the share or interest of each of the joint owners or claimants in the real estate sought to be divided;" and (3) partition the proceeds according to the respective interests in the property.[1]

The trial court conducted a bench trial on June 29, 2007. The trial was conducted based on exhibits admitted without objection and on stipulated facts. At trial, the parties did not dispute (1) the respective ownership shares belonging to Grant, the estate of Mark E. Jamison, Sr., and Shawna Clouser; (2) the validity of Grant's ownership interest; (3) the existence of a homestead right attaching to Shawna Clouser's interest; or (4) the fact that the residence at 5028 Winnetka Street is not capable of fair and equitable division among multiple owners. Shawna Clouser's only basis at trial for opposing partition by sale was the existence of homestead rights attaching to her 25 percent interest. The trial court signed a judgment denying partition by sale on September 17, 2007.[2]

---

1. Valerie M. Jamison filed for bankruptcy in 2005. The bankruptcy court signed an order on May 23, 2007 lifting the automatic stay "for the limited purpose of permitting Howard Grant, M.D. to seek, in a state court of competent jurisdiction, a determination as to the partition" of the 5028 Winnetka Street property.

2. Grant requested findings of fact and conclusions of law on July 16, 2007. Grant filed his notice of appeal on September 19, 2007. Grant filed a notice of past due findings of fact and conclusions of law on October 10, 2007. No written findings were made by the court.

## Analysis

### I. The Parties' Interests

It is undisputed that Grant acquired a 50 percent interest in the property at 5028 Winnetka Street.[3] It is undisputed that Shawna Clouser and the estate of Mark E. Jamison, Sr. each own a 25 percent interest in the same property. It is undisputed that homestead rights attach to Shawna Clouser's 25 percent interest in the property. Grant seeks to compel partition by sale of the property.[4] Shawna Clouser opposes partition by sale. Therefore, this case pits a cotenant's statutory right to partition by sale against another cotenant's homestead right. The trial court ruled in Shawna Clouser's favor and denied partition by sale.

In his sole issue on appeal, Grant contends that the trial court erred when it refused to compel partition of the property by sale because (1) the right to partition is absolute, and "homestead laws do not preclude partition by sale of real property where a homestead-claiming cotenant asserts homestead as a defense to a non-homestead-claiming cotenant['s] attempt to partition" the property by sale; (2) Texas homestead laws are intended to prevent forced sales of a homestead only when a creditor seeks a forced sale of a debtor's homestead; (3) Shawna Clouser is not Grant's judgment debtor; and, therefore, (4) article XVI, section 50(a) of the Texas Constitution and Texas Property Code section 41.001 do not preclude Grant's right to partition.

In the trial court, Shawna Clouser argued that her homestead interest and article XVI, section 50 of the Texas Constitution preclude partition by sale because Grant obtained his interest as Ernest Clouser's judgment creditor. Shawna Clouser also asserted that "at the time actually where the judgment took place, [Shawna] Clouser had a homestead interest in the property. That homestead interest could not be trumped by any lien that attaches thereafter." Shawna Clouser stipulated that her homestead right in the property extends only to her own 25 percent ownership interest.

Shawna Clouser did not assert that a homestead right still attached to Ernest Clouser's 50 percent interest in the property after he remarried and moved out of 5028 Winnetka Street. The parties do not dispute that the property ceased to be Ernest Clouser's homestead when he remarried and moved to a new home with his new wife; nor did they challenge at trial the validity or the means by which Grant

---

**3.** After Constable Trevino levied on the 5028 Winnetka Street property on September 5, 2000, Ernest Clouser executed a Replacement General Warranty Deed on September 15, 2000 reflecting a purported conveyance of his 50 percent interest in the 5028 Winnetka Street property to his wife Margaret E. Clouser. The Replacement General Warranty Deed stated that the "conveyance was made and accepted on or about June 1, 1992 and the deed was lost by the Grantee prior to being recorded." The Replacement General Warranty Deed was filed in the Harris County Clerk's Office on September 29, 2000. Margaret E. Clouser executed a Quitclaim Deed granting any rights she had in the 5028 Winnetka Street property to Shawna Clouser on August 9, 2005. The Quitclaim Deed was filed in the Harris County Clerk's Office on September 7, 2005. Because Grant's interest was not disputed at trial, we decide this appeal based on the existence and validity of Grant's 50 percent interest in the property at 5028 Winnetka Street.

**4.** Valerie M. Jamison did not join Grant's application for partition by sale in the trial court and did not appeal the trial court's judgment denying partition by sale. Valerie M. Jamison nonetheless filed an appellee's brief on appeal in which she joins in Grant's request to reverse the trial court's judgment denying Grant's application for partition by sale.

acquired Ernest Clouser's 50 percent interest in the property.

Given these circumstances, we must determine whether Grant's right to partition by sale as a cotenant of the property is trumped by homestead rights attaching to Shawna Clouser's 25 percent interest in the property. Because there are no disputed issues of material fact on this record, we are presented with a question of law to resolve. We review this question of law *de novo*. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994) ("questions of law are always subject to *de novo* review").

## II. Application of Legal Standards to the Parties' Interests

■ Homestead rights historically have enjoyed strong protection in Texas. *See, e.g., Florey v. Estate of McConnell*, 212 S.W.3d 439, 443 (Tex.App.-Austin 2006, pet. denied). The "fundamental idea connected with a homestead is ... that of a place of residence for the family, where the independence and security of a home may be enjoyed, without danger of its loss, or harassment and disturbance ... a secure asylum of which the family cannot be deprived...." *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931); *see also Norris v. Thomas*, 215 S.W.3d 851, 859 (Tex.2007) (O'Neill, J., dissenting) (quoting *Cocke*, 120 Tex. 43, 35 S.W.2d at 678).

■ This strong pro-homestead tradition predates statehood, and the Republic of Texas was determined to protect homesteads. *See Norris*, 215 S.W.3d at 854 (majority opinion). The homestead interest is a legal interest created by the Texas Constitution. *See Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex.1992). The Texas Constitution provides special protec-

tions for the homestead separate and distinct from protections afforded other types of property. *See* Tex. Const. art. XVI, § 50. Because constitutional homestead rights protect citizens from losing their homes, statutes relating to homestead rights are liberally construed to protect the homestead. *Kendall Builders, Inc. v. Chesson*, 149 S.W.3d 796, 807 (Tex.App.-Austin 2004, pet. denied).

Partition rights also are well established. The Texas Property Code provides that "[a] joint owner or claimant of real property or an interest in real property ... may compel a partition of the interest or the property among the joint owners or claimants under this chapter and the Texas Rules of Civil Procedure." Tex. Prop.Code Ann. § 23.001 (Vernon 2000); *see also* Tex.R. Civ. P. 770. The right to partition has been characterized as "absolute." *Mayes v. Stewart*, 11 S.W.3d 440, 457 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Carter v. Charles*, 853 S.W.2d 667, 671 (Tex.App.-Houston [14th Dist.] 1993, no writ). If the property cannot be partitioned in kind, there must be a partition by sale. Tex.R. Civ. P. 770; *Carter*, 853 S.W.2d at 671–72; *Beago v. Ceres*, 619 S.W.2d 293, 295 (Tex.Civ.App.-Houston [1st Dist.] 1981, no writ).

■ A homestead right must accommodate the right to partition in some circumstances. For example, upon divorce, the trial court has broad power to order a "just and right" division of a divorcing couple's estate, including the power to order the sale of the homestead and partition of the proceeds. *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 131 (Tex. 1991).[5] Under these circumstances, the

---

5. In *Laster*, the supreme court declined to address whether a non-spouse cotenant's right to partition trumped a divorced spouse's homestead interest in her share of the marital

property. *Laster*, 826 S.W.2d at 131 n. 3. In so doing, the court narrowly construed *Sayers v. Pyland*, 139 Tex. 57, 161 S.W.2d 769, 773 (1942). The court concluded that *Sayers* does

homestead right attaches to the proceeds of the partition sale; a spouse generally enjoys continued homestead protection for the proceeds of the partition sale against creditors. *See id.* at 132; *Delaney v. Delaney,* 562 S.W.2d 494, 495–96 (Tex.Civ. App.-Houston [14th Dist.] 1978, writ dism'd).

■ Section 52 of article XVI of the Texas Constitution establishes another circumstance when a homestead right must accommodate the right to partition. Section 52 states:

> On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same.

*See* Tex. Const. art. XVI, § 52. Under this provision, heirs have a right to partition real property after the surviving spouse's death; accordingly, an heir may not defeat partition sought by another heir even if the property is the heir's homestead. *See id.; Thompson v. Kay,* 124 Tex. 252, 77 S.W.2d 201, 214–15 (1934); *In*

re *Estate of Casida,* 13 S.W.3d 519, 523 (Tex.App.-Beaumont 2000, no pet.); *Nat'l Union Fire Ins. Co. v. Olson,* 920 S.W.2d 458, 461–62 (Tex.App.-Austin 1996, no pet.).

Here, the trial court did not order the partition of a homestead in a divorce action as part of the "just and right" division of a couple's marital estate. Nor is Grant an heir who can invoke a right to partition under section 52 of article XVI.[6] Therefore, resolution of this appeal turns on principles governing rights of cotenants in circumstances other than those involving divorce or conflicts among heirs.

■■ Homestead rights can attach to property interests held by tenancy in common; however, such homestead rights may not prejudice the rights of a cotenant. *Clements v. Lacy,* 51 Tex. 150, 1879 WL 7655, at *7–*8 (1879); *see also Cooper Co. v. Werner,* 111 S.W.2d 823, 826 (Tex.Civ. App.-Austin 1937, no writ); *Medearis v. Buratti,* 275 S.W. 617, 619 (Tex.Civ.App.-Austin 1925, no writ); *Leach v. Leach,* 223 S.W. 287, 289 (Tex.Civ.App.-Texarkana 1920, no writ). The general rule is that homestead rights attaching to property interests held by a cotenant are subordinate to another cotenant's right to partition. *See Cleveland v. Milner,* 141 Tex. 120, 170 S.W.2d 472, 476 (1943); *Reid v. Howard,* 71 Tex. 204, 9 S.W. 109, 110 (1888); *Clements,* 51 Tex. 150, 1879 WL 7655, at *7–*8; *Cooper Co.,* 111 S.W.2d at 826; *Medearis,* 275 S.W. at 619; *Leach,* 223 S.W. at 289.

---

not establish "that a cotenant's right to partition [is] paramount to another cotenant's homestead right because [*Sayers*] rested its holding on the fact that the homestead right had been voluntarily subordinated to another cotenant's rights." *Id.* Given the supreme court's discussion of *Sayers* in *Laster,* we do not rely on *Sayers* to resolve the issue presented in this appeal.

6. Shawna Clouser and Mark E. Jamison, Sr. were Gwendolyn Clouser's heirs. Neither Mark E. Jamison, Sr. nor Valerie M. Jamison, as the representative of Mark's estate, sought partition of the 5028 Winnetka Street property in the trial court. Valerie M. Jamison did not appeal the trial court's judgment denying Grant's application for partition by sale. Therefore, we do not resolve this appeal based on the constitutional right of heirs to compel partition.

■ The question arises whether the general rule is applicable here in light of Shawna Clouser's argument that article XVI, section 50 of the Texas Constitution precludes a partition by sale because Grant acquired his cotenant interest in the property as Ernest Clouser's judgment creditor.

*Cleveland*, 141 Tex. 120, 170 S.W.2d at 473–76, is instructive in answering this question. In *Cleveland*, Kathleen Martin and Ausben Cleveland were siblings who owned an undivided one-half interest as cotenants in two lots. *Id.* at 473, 475. They lived in a house on lot one together with their mother, their stepfather A.E. Milner, and Milner's minor children from a previous marriage. *Id.* at 473–74. Kathleen Martin later married and moved away. *Id.* at 474. Ausben Cleveland also married and brought his wife to live in the house on lot one together with Ausben, Milner, and Milner's children. *Id.*

Milner acquired Kathleen Martin's one-half interest in lot one in April 1935. *Id.* at 474, 476. In the fall of 1935, the old house was torn down and a new house was built on lot one; Ausben Cleveland and his wife continued living together with Milner and his children in the new house. *Id.* at 474–75. After Milner's death, the administrator of his estate sought to partition lot one. *Id.* at 473.

The court held that Milner and Ausben Cleveland were cotenants when the new house was built on lot one. *Id.* at 476. Applying the general rule, the court held that Milner's "right to possess and improve the property was equal to that of Ausben Cleveland; and the homestead right that Ausben Cleveland as cotenant acquired in the property was subordinate to the other co-owner's right to an equitable partition ... or, if necessary, the property may be sold and the proceeds divided." *Id.*

The general rule applies with equal force here. Like Milner in *Cleveland*, Grant acquired a 50 percent interest in the property at issue from a prior cotenant. The propriety of the means by which Grant acquired his 50 percent interest from Ernest Clouser was not challenged at trial. Having acquired Ernest Clouser's 50 percent interest, Grant became a cotenant with Shawna Clouser and Mark E. Jamison, Sr. *See id.* Under these circumstances, Shawna Clouser's homestead right was "subordinate to the other co-owner's right to ... partition...." *See id.*

The Texas Supreme Court did not suggest in *Cleveland* that the means by which a cotenant acquires that status from a prior cotenant diminishes the cotenant's rights or affects the application of the general rule. Nor did the court suggest that the homestead protection embodied in article XVI, section 50 precludes a request for partition by sale by a cotenant who was the judgment creditor of someone **other than** the homestead-claiming cotenant. *Cf. id.* at 475 ("Undoubtedly Cleveland and his wife could have invoked successfully the homestead exemption, had this been a suit by **their** creditor to subject the property to payment of debt.") (emphasis added); *see also* Tex. Prop.Code Ann. § 41.021 (Vernon 2000) (explicitly referring to "judgment debtor" and "judgment creditor" in the context of enforcing a judgment debt when judgment debtor has not made a voluntary homestead designation).

Under *Cleveland*, one cotenant cannot rely upon a homestead right to trump the partition right of a cotenant who acquired his interest from a prior cotenant. *See Cleveland*, 141 Tex. 120, 170 S.W.2d at 473. Therefore, Shawna Clouser's homestead right in her 25 percent undivided interest is subordinate to Grant's right to compel partition by sale. *Id.* Shawna Clouser's

922

homestead right attaches to her share of the proceeds from the sale. *See Laster,* 826 S.W.2d at 132. Accordingly, we hold that the trial court erred by denying Grant's amended application for partition by sale.

## Conclusion

We reverse the trial court's judgment denying Grant's application for partition by sale, and remand for further proceedings consistent with this opinion.