**AFFIRM; and Opinion Filed August 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00741-CV

### QUI PHUOC HO, MAU THI NGUYEN AND TONG HO, Appellants
### V.
### MACARTHUR RANCH, LLC, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-05369-A**

## MEMORANDUM OPINION

Before Justices Evans, Brown, and Stoddart
Opinion by Justice Brown

After a bench trial, the trial court rendered judgment for appellee MacArthur Ranch, LLC

on its claims under the Texas Fraudulent Transfer Act. TEX. BUS. & COM. CODE ANN.

§§ 24.001–24.013 (West 2009 & Supp. 2014) ("TUFTA"). In seven issues, appellants Qui

Phuoc Ho, Mau Thi Nguyen, and Tong Ho assert the trial court erred by setting aside

conveyances of real property to them by Toan Ho and his wife Nhung Truong and ordering that

MacArthur Ranch could levy execution on the property. We affirm the trial court's judgment.

### BACKGROUND

MacArthur Ranch's claim is for fraudulent transfer of interests in real property on

Princess Place (the "Princess property") and Clint Court (the "Clint property") in Arlington,

Texas by Toan and his wife Nhung to Qui Phuoc, Mau Thi, and Tong.[1] Qui Phuoc and Mau Thi are Toan's parents. Tong and Toan are brothers. Most of the pertinent facts were the subject of stipulations by the parties prior to trial. Among the facts stipulated were that MacArthur Ranch brought suit on May 7, 2007, against Toan and his wife for breach of a shopping center lease for a nail salon; MacArthur Ranch moved for summary judgment in that suit on December 19, 2007; the summary judgment motion was set for hearing on February 7, 2008; counsel for Toan and Nhung was notified of the hearing date by letter of December 28, 2007; Toan conveyed his interest in the Princess property to Qui Phuoc and Mau Thi on January 31, 2008; neither Qui Phuoc nor Mau Thi paid anything to Toan for this conveyance; the appraised fair market value of the Princess property on January 31, 2008, was $78,000; Toan and his wife Nhung conveyed their interest in the Clint property to Tong on February 11, 2008; on February 11, 2008, the appraised fair market value of the Clint property was $84,000; and final judgment was rendered for MacArthur Ranch in the suit for breach of lease on July 30, 2008, in the amount of $150,000. The parties also stipulated to the family relationships among Toan, Nhung, Qui Phuoc, Mau Thi, and Tong, as well as to Toan and his wife's bankruptcy in 2010. It was also stipulated that Toan and his wife have paid nothing on the $150,000 judgment.

MacArthur Ranch filed this suit in 2009 against Toan and Nhung, Qui Phuoc, and Tong under TUFTA. Toan and his wife are no longer parties due to their bankruptcy. The case proceeded to a bench trial in 2011, and the trial court rendered judgment for MacArthur Ranch. Tong and Qui Phuoc appealed the judgment to this Court. *Ho v. MacArthur Ranch, LLC*, 395 S.W.3d 325 (Tex. App.—Dallas 2013, no pet.). While the appeal was pending, Mau Thi filed suit in Tarrant County seeking a declaratory judgment that the Princess property was her homestead and not subject to seizure. Mau Thi's suit was transferred to Dallas County in 2012.

---

[1] Because two of the appellants and the transferor share a surname, we will refer to them in this opinion by their first names.

In the prior appeal, we reversed the trial court's judgment and remanded the cause, concluding that the evidence was legally insufficient to support the trial court's findings regarding the fair market values of the Princess and Clint properties. *Id.* at 334–35.

After remand, this suit and Mau Thi's were consolidated. The trial court signed a scheduling order on October 14, 2013, setting a trial date of March 4, 2014. Under the scheduling order, any amended pleadings asserting new causes of action or affirmative defenses were required to be filed no later than thirty days before the end of the discovery period. The discovery period, governed by rule 190.3 of the rules of civil procedure, ended thirty days before the date set for trial. *See* TEX. R. CIV. P. 190.3(b)(1). Both Qui Phuoc and Tong filed amended answers after the deadline set in the scheduling order.

Although we reversed the trial court's first judgment in the previous appeal, the opinion reflects our conclusion that the evidence was legally and factually sufficient to prove that the transfers of the properties were fraudulent under TUFTA. *See id.* at 329–31.[2] We overruled appellants' challenges to the sufficiency of the evidence based in part on deemed admissions of Tong and Qui Phuoc. *See id.* at 330 ("[a]ppellants' deemed admissions also conclusively established several . . . factors" of MacArthur Ranch's TUFTA claim). Upon remand, neither Tong nor Qui Phuoc moved to have the deemed admissions set aside or attempted to answer the requests for admissions until March 2, 2014, two days before the trial setting. And although MacArthur Ranch served requests for disclosure, interrogatories, and requests for production on Tong and Qui Phuoc in addition to the requests for admission, Tong and Qui Phuoc did not attempt to answer or supplement any discovery response at any time prior to trial.

---

[2] Despite this conclusion, we remanded the cause in its entirety because we concluded the evidence was legally insufficient to support the trial court's damages findings. *See Ho*, 395 S.W.3d at 335. Under rule 44.1(b), Texas Rules of Appellate Procedure, a court of appeals "may not order a separate trial solely on unliquidated damages if liability is contested." *Id.*; *see also* TEX. R. APP. P. 44.1(b).

The case proceeded to trial on March 6, 2014. The trial court denied Tong's and Qui Phuoc's motions to strike their deemed admissions. The trial court also granted MacArthur Ranch's motion in limine regarding Tong's defense that "he paid Toan Ho for the purchase of the [Clint property]." This defense was pleaded only in Tong's untimely amended answer. It was also contrary to Tong's deemed admissions and not revealed in response to a request to disclose "legal theories and, in general, the factual bases" of his defenses. Because admissions were deemed only against Tong and Qui Phuoc, however, the court heard and admitted evidence contrary to the admissions, including testimony of Mau Thi and Toan. An expert appraiser testified to the values of the Princess and Clint properties as of the dates of transfer to the appellants. After the close of the evidence, the trial court encouraged the parties to attempt to resolve their differences, and deferred its ruling until they had done so.

On March 31, 2014, the parties reported that they were unable to reach agreement on either the transfer of the properties or the attorney's fees. The trial court requested a form of judgment and an affidavit for attorney's fees from appellee, and stated that "I'll give [appellants' counsel] an opportunity to prepare an objection to either the judgment or the attorneys' fees order or both." MacArthur Ranch filed an attorney's fees affidavit and the trial court signed a judgment in favor of MacArthur Ranch on the same day. Concluding that MacArthur Ranch was entitled to recover from appellants under TUFTA, the trial court rendered judgment against appellants and ordered that MacArthur Ranch "have levy and execution on the assets transferred" in violation of TUFTA. Among other provisions in the judgment, the trial court ordered the sheriff to post both houses for sale, apply one-third of the proceeds from the sale of the Princess property to the judgment against Qui Phuoc and Mau Thi and pay them the remaining proceeds, and apply the full net proceeds from the sale of the Clint property to the judgment against Tong.

–4–

Shortly thereafter, appellants filed their objection and opposition to appellee's request for attorney's fees, a request for findings of fact and conclusions of law, and a motion for new trial. The trial court signed findings of fact and conclusions of law. The motion for new trial was overruled by operation of law. This appeal followed.

## STANDARDS OF REVIEW

Appellants' seven issues challenge the trial court's rulings on admission and exclusion of evidence as well as the sufficiency of the evidence to support the trial court's findings of fact and conclusions of law. We review the trial court's admission or exclusion of evidence under an abuse of discretion standard. *Estate of Finney*, 424 S.W.3d 608, 612 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A judgment will not be reversed based on the admission or exclusion of evidence unless the appellant establishes that the trial court's ruling was error and the error probably caused the rendition of an improper judgment. *Id.* When reviewing whether the evidence was properly admitted or excluded, the appellate court must review the entire record. *Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752, 763 (Tex. App.—Dallas 2014, pet. denied). We must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. *Malone*, 972 S.W.2d at 43.

Findings of fact made after a bench trial have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Id.* Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d

770, 772 (Tex. 1996). We review the trial court's conclusions of law de novo, and uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Highland Credit Opportunities CDO, L.P. v. UBS AG*, 451 S.W.3d 508, 519 (Tex. App.—Dallas 2014, no pet.).

DISCUSSION

**A.     TUFTA**

MacArthur Ranch's claims against appellants were brought under TUFTA. The purpose of TUFTA is to prevent fraudulent transfers of property by a debtor who intends to defraud creditors by placing assets beyond their reach. *Nwokedi v. Unltd. Restoration Specialists, Inc.*, 428 S.W.3d 191, 203 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). TUFTA requires evidence of the following: (1) the plaintiff is a creditor with a claim against a debtor; (2) the debtor transferred assets after, or a short time before, the plaintiff's claim arose; and (3) the debtor made the transfer with the intent to hinder, delay, or defraud the plaintiff. *Id.*

To the extent a transfer is voidable under TUFTA, a creditor may recover judgment from the first transferee of the asset. TUFTA § 24.009(b)(1). The judgment must be for the value of the asset at the time of transfer or the amount necessary to satisfy the creditor's claim, whichever is less. *Id.* § 24.009(b). If the judgment is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer subject to adjustment as the equities may require. *Id.* § 24.009(c)(1).

The definition of "asset" under TUFTA does not include "property to the extent it is generally exempt under nonbankruptcy law" such as the debtor's homestead. *Id.* § 24.002(2)(B); *see, e.g., Basley v. Adoni Holdings, LLC*, 373 S.W.3d 577, 582–83 n.4 (Tex. App.—Texarkana 2012, no pet.) (homestead not considered asset for purposes of insolvency analysis under TUFTA). If the property is not the debtor's homestead, but is the homestead of the transferee,

however, partition may be an available remedy.  *See Grant v. Clouser*, 287 S.W.3d 914, 919–922 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

A transfer is not voidable under TUFTA against a transferee who took "in good faith and for a reasonably equivalent value."  TUFTA § 24.009(a).  Good faith is an affirmative defense on which the person asserting it bears the burden of proof.  *Hahn v. Love*, 321 S.W.3d 517, 526 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  A person asserting the bona fide purchaser defense bears the burden of establishing good faith and the reasonable equivalence of the consideration obtained.  *Id*.  When a transferee is an insider and knows the transferor is insolvent at the time of transfer, he cannot be a good faith transferee.  *Hahn v. Love*, 394 S.W.3d 14, 30 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (*Hahn II*).

**B.     Contested issues**

**1.     MacArthur Ranch's claim**

Given the parties' pretrial stipulations, the first two elements of MacArthur Ranch's TUFTA claim were established prior to trial.  MacArthur Ranch was a creditor with a claim against Toan and his wife Nhung, and the transfers of the Princess and Clint properties were made after or a short time before MacArthur Ranch's claim arose.  *See Nwokedi*, 428 S.W.3d at 203.  The only issue remaining for trial on which MacArthur Ranch bore the burden of proof was whether Toan and Nhung made the transfers with the intent to hinder, delay, or defraud MacArthur Ranch.

Toan testified to his intent.  As to the Princess property, he testified that he transferred his interest to his parents to enable them to claim a reduction in property tax when his father turned 65 years of age.  As to the Clint property, Toan testified he sold it to his brother for $70,000 to come up with cash to pay amounts claimed in another lawsuit relating to the sale of the nail salon as well as income taxes due.  The trial court overruled MacArthur Ranch's objections to Toan's

testimony, and allowed Toan to answer the questions posed by his counsel regarding Toan's intent in the transactions. In sum, regardless of the trial court's rulings on the deemed admissions and pleading amendment, appellants were permitted to offer evidence rebutting the contention that Toan made the transfers with the intent to hinder, delay, or defraud MacArthur Ranch.

But the trial court also heard controverting evidence on this point. Toan's father's application for the property tax reduction was dated in October, 2008, although the transfer of the Princess property was made in January, 2008. The timing of the transfers coincided with MacArthur Ranch's filing of its motion for summary judgment and notice of hearing date, and Toan testified he was aware that MacArthur Ranch was asking the court for a judgment against him. Judgment was not rendered against Toan in the lawsuit regarding the nail salon until 2009. Toan testified he purchased a house for himself and his wife on February 7, 2008, the same day that he transferred the Clint property to his brother, and did not pay any of the funds he received from his brother to MacArthur Ranch. There was therefore evidence to support the trial court's findings that Toan made the transfers to his parents and brother for the purpose of hindering, delaying, or defrauding MacArthur Ranch, his creditor.

### 2. Appellants' defenses

Appellants also assert defenses. They assert (1) the Princess property was not an "asset" under TUFTA because it was Toan's homestead; (2) the Princess property was not an "asset" under TUFTA because it was Qui Phuoc and Mau Thi's homestead;[3] and (3) Tong was a bona fide purchaser of the Clint property.

---

[3] MacArthur Ranch does not dispute Qui Phuoc and Mau Thi's homestead claim to their interest in the Princess property, but asserts a right to judgment on the portion of the property that was transferred by Toan and is not homestead.

## C.   Applicability of TUFTA to Princess property

Appellants' first two issues challenge the applicability of TUFTA to the Princess property.  Appellants argue the evidence is insufficient to establish that the Princess property was an "asset" under TUFTA because of its homestead character.  As noted, MacArthur Ranch does not dispute that the Princess property is Qui Phuoc's and Mau Thi's homestead, and the judgment does not include the value of Qui Phuoc's and Mau Thi's interests in the property.  But appellants argue for the first time on appeal that the property was Toan's—the judgment debtor's—homestead as well.  They rely on Toan's testimony that when the Princess property was purchased in 1991, Toan lived there.  There is no pleading or other proof to support the contention.

A party claiming that property is homestead bears the burden of proof.  *Denmon v. Atlas Leasing, L.L.C.*, 285 S.W.3d 591, 595 (Tex. App.—Dallas 2009, no pet.).  To sustain a homestead claim, there must be proof of overt acts of homestead usage and intent on the part of the owner to claim the land as homestead.  *Id.*  The party asserting homestead also bears the burden of pleading the defense.  *See Bennett v. State Nat'l Bank, Odessa, Tex.*, 623 S.W.2d 719, 722 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) ("It is a firmly established principle of law that a plea of homestead is an affirmative defense and the burden of pleading and proving such defense rests upon the party asserting it.").  Failure to plead the defense results in waiver.  *Davis v. Crockett*, 398 S.W.2d 302, 306–07 (Tex. Civ. App.—Dallas 1965, no writ).

Appellants contend Toan's testimony that the Princess property was his homestead in 1991 was sufficient to shift the burden to MacArthur Ranch to prove that Toan abandoned the property as homestead, and MacArthur Ranch offered no such proof.  *See Caulley v. Caulley*, 806 S.W.2d 795, 797 (Tex. 1991) (once homestead rights are shown to exist, they are presumed to continue, and anyone asserting abandonment has burden of proving it by competent evidence).

They also argue that because Toan is not a party, he was not required to make any pleading. But appellants are parties, and now rely on an affirmative defense to MacArthur Ranch's TUFTA claim that TUFTA does not apply because the property was Toan's homestead as well as their own. Without any such pleading or argument at trial, MacArthur Ranch was not required to refute an affirmative defense that was never raised.

Appellants' argument is contrary to their contention at trial that Toan had no interest—homestead or otherwise—in the Princess property.[4] Instead, MacArthur Ranch offered evidence of Toan's ownership of the property. Toan, Mau Thi, and Qui Phuoc are grantees on a deed conveying the property in 1991. The deed was admitted into evidence and is prima facie evidence of Toan's ownership of the property. *In re Marriage of Murray*, 15 S.W.3d 202, 205 (Tex. App.—Texarkana 2000, no pet.). "Where a deed names more than one grantee and the interest of each grantee is not stated, a rebuttable presumption arises that each of the grantees is vested with title to an equal undivided interest in the property." *Id.* The deed is prima facie evidence, therefore, that Toan owned a one-third interest in the Princess property. *See id.* The presumption may be rebutted by showing that the grantees did not furnish the consideration in equal shares. *Id.* Although Mau Thi testified that she made the down payment on the home, the trial court sustained MacArthur Ranch's objection to questioning of Toan on the subject of his contribution to the consideration paid for the property. No other offer of the evidence was made.

Appellants contend that the trial court's exclusion of the evidence of Toan's "exact" ownership of the Princess property was error. To preserve error concerning the exclusion of evidence, the complaining party must actually offer the evidence and secure a ruling from the court. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334 (Tex. App.—Dallas 2008, no pet.).

---

[4] Appellants argue in their reply brief that Toan was not required to hold any ownership interest in the property to claim it as homestead. *See, e.g., Denmon*, 285 S.W.3d at 595 ("Texas law is clear that possession of a homestead interest is not dependent upon ownership; a person is permitted to hold homestead rights in his or her spouse's separate property."). But as we have explained, this contention was never asserted at trial and has been waived. *See Davis*, 398 S.W.2d at 306–07.

At trial, Toan was asked to explain "why your name is on that deed." MacArthur Ranch objected that the question violated paragraph 6 of its motion in limine, and there was no pleading to support admission of the evidence.[5] The trial court then asked appellants' counsel,

> THE COURT: I understand. All right. Counsel [for appellants], what difference would it make if he paid the entire amount or did not pay any?
>
> [COUNSEL FOR APPELLANTS]: Make a difference in whether he owned any interest in the property or not.
>
> THE COURT: But the deed says he owns an interest in it, does it not? The deed identifies him as one of the owners of the property, correct?
>
> [COUNSEL]: It identifies him not necessarily as an owner but he's listed on the title.
>
> THE COURT: As what?
>
> [COUNSEL]: As a title holder.
>
> THE COURT: Seems to me the amount of his ownership interest is not particularly relevant. I'll sustain the objection.

MacArthur Ranch's objection was that the evidence was not relevant to its claim that Toan fraudulently conveyed his interest—any interest, regardless of amount—in the property to his parents. Although appellants obtained a ruling from the trial court, they neither explained the relevance of the evidence to the trial court nor made an offer of proof or bill of exception to permit us to determine whether exclusion of the evidence was harmful. *See Bobbora*, 255 S.W.3d at 334–35. They therefore did not preserve their complaint. *See Sink v. Sink*, 364 S.W.3d 340, 347 (Tex. App.—Dallas 2012, no pet.); *In re Estate of Miller*, 243 S.W.3d 831, 837–38 (Tex. App.—Dallas 2008, no pet.).

---

[5] Paragraph 6 of the motion in limine requested exclusion of "[a]ny reference that Toan Ho paid nothing for his original ownership interest in the Princess house or paid nothing against the mortgage of the Princess House since that is no defense, irrelevant and confusing to the legal element of a fraudulent conveyance of the Princess House for insufficient or no consideration," citing section 24.009 of TUFTA.

The pleadings and evidence established that Toan owned a one-third interest in the Princess property but not a homestead interest. Appellants next argue that even if Toan had no homestead interest, the Princess property was exempt from TUFTA because it was undisputedly the homestead of Qui Phuoc and Mau Thi at the time Toan transferred his interest to them. MacArthur Ranch replies that Qui Phuoc and Mau Thi's homestead interest in the property is subordinate to the right of partition of another cotenant, citing *Grant v. Clouser*. *See Grant*, 287 S.W.3d at 920.

In *Grant*, a judgment creditor executed on the judgment debtor's 50 percent interest in real property. Although the property was not the judgment debtor's homestead, it was the homestead of Shawna Clouser, a family member of the debtor who owned a 25 percent undivided interest in the property. *See id.* at 917–18. The court cited the general rules that "homestead rights may not prejudice the rights of a cotenant," and "homestead rights attaching to property interests held by a cotenant are subordinate to another cotenant's right to partition." *Id.* at 920. The court then considered "whether the general rule is applicable here in light of Shawna Clouser's argument that article XVI, section 50 of the Texas Constitution precludes a partition by sale because Grant acquired his cotenant interest in the property as Ernest Clouser's judgment creditor." *Id.* at 921. Citing *Cleveland v. Milner*, 170 S.W.2d 472, 473–76 (Tex. 1943), the court concluded that Shawna Clouser's homestead right was subordinate to Grant's right to partition the property. *Grant*, 287 S.W.3d at 921. The court explained, "[t]he Texas Supreme Court did not suggest in Cleveland . . . that the homestead protection embodied in article XVI, section 50 precludes a request for partition by sale by a cotenant who was the judgment creditor of someone ***other than*** the homestead-claiming cotenant." *Id.* (emphasis original). Appellants

–12–

fail to distinguish *Grant* or provide argument for its inapplicability.[6] We overrule appellants' first and second issues.

## D. Exclusion of evidence

Appellants' third and sixth issues address the trial court's exclusion of evidence under rule 193.6, Texas Rules of Civil Procedure. Under rule 193.6, "[a] party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed," unless the trial court finds that there was good cause for the failure or lack of unfair prejudice or unfair surprise to the other parties. TEX. R. CIV. P. 193.6(a)(1), (2); *see also* TEX. R. CIV. P. 198.3 (court may permit withdrawal of admission upon showing of good cause and lack of prejudice and that presentation of merits will be subserved). We have explained that under rule 193.6, the trial court "possesses no discretion" in excluding evidence not timely provided in a response to a discovery request in the absence of a showing of good cause or lack of unfair prejudice. *Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607, at *3 (Tex. App.—Dallas Jan. 4, 2014, no pet.) (mem. op.). The party seeking to introduce the evidence bears the burden of establishing good cause or lack of unfair surprise or unfair prejudice. TEX. R. CIV. P. 193.6(b); *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam).

Appellants' specific complaints are that the trial court (1) failed to set aside "deemed, merits-preclusive admissions," and (2) refused to allow evidence "on the merits" because of appellants' failure to answer requests for disclosure under rule 194. *See* TEX. R. CIV. P. 194.1. They contend that "absent bad faith or callous disregard for the rules," the trial court was

---

[6] In support of their sole argument that *Grant* does not apply because MacArthur Ranch "is not a joint owner of the property and has no equal right of possession," appellants relied on language in an opinion that has now been withdrawn. *Chafin v. Isbell*, No. 02-10-00007-CV, 2010 WL 4924999 (Tex. App.—Fort Worth Dec. 2, 2010), *opinion withdrawn and superseded on rehearing*, 2011 WL 946653 (Tex. App.—Fort Worth Mar. 17, 2011, no pet.) (mem. op. on reh'g) (now citing *Grant* for proposition that right to partition "has been characterized as absolute"). Although MacArthur Ranch pointed out the withdrawal of the *Chafin* opinion in its appellee's brief, appellants' reply brief states only that they "sufficiently addressed the inapplicability of *Grant v. Clouser*, [citation omitted] in [their] original brief." Without argument for the contention made or appropriate citation to authorities, appellants have waived their argument that *Grant* does not apply. *See* TEX. R. APP. P. 38.1(i); *McIntyre v. Wilson*, 50 SW.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied).

required to admit evidence contrary to the admissions and responsive to the disclosure requests. *See Wheeler v. Green*, 157 S.W.3d 439, 443–44 (Tex. 2005) (due process concerns arise when party "uses deemed admissions to try to preclude presentation of the merits of a case"). Even in *Wheeler*, however, the court first applied the "good cause" and "lack of unfair surprise" standards. *See id.* at 442. The court explained that "[g]ood cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Id.* As we explained in *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied),

> The good cause exception allows a trial judge to excuse a party's failure to comply with discovery obligations in difficult or impossible circumstances. The following factors, standing alone, do not constitute good cause: the inadvertence of counsel, lack of surprise, and the uniqueness of the excluded evidence. [Citations omitted].

At trial, appellants attempted to withdraw the deemed admissions. Counsel argued that Qui Phuoc did not receive the requests, but conceded that Qui Phuoc learned of the admissions "[a]t the first trial." The trial court inquired why the motion to strike the deemed admissions was not filed until the week before trial and not "immediately after the case was remanded." Counsel responded, "[b]ecause I didn't have any idea at the time whether they were intending to try to use the same request for admissions." The trial court denied appellants' motion as untimely.[7]

The record reflects that appellants became aware of the deemed admissions at the first trial in May, 2011. The case was remanded in February, 2013, and a new scheduling order was entered in October, 2013. But appellants made no attempt to set aside the deemed admissions

---

[7] Appellants challenge this ruling by arguing that they provided the required notice of the motion under Texas Rule of Civil Procedure 21 by filing their motion to strike three days before trial. They contend that the trial court's denial of the motion as not timely was the result of the trial court's using a "local rule," specifically, the deadlines in its scheduling order, to "determine the merits" of the motion, in violation of rule 3a(6), Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 3a(6) (no local rule, other than rule which fully complies with all requirements of rule 3a, shall ever be applied to determine merits of any matter). We note that a trial court has wide discretion in managing its docket and enforcing its scheduling orders. *See King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014); *Roskey v. Cont'l Cas. Co.*, 190 S.W.3d 875, 879 (Tex. App.—Dallas 2006, pet. denied). Regardless of any deadlines in the trial court's scheduling order, however, we conclude appellants failed to establish good cause, as we discuss here.

until March 2, 2014, two days before the scheduled trial date. The motions to strike do not offer any explanation for the delay; Tong's motion describes difficulties he had understanding the requests prior to the first trial, and Qui Phuoc's motion concedes he became aware of the requests in May, 2011 although he denied receiving them in 2010 when they were originally propounded. Appellants' counsel, having represented appellants in the first appeal, was also aware of the deemed admissions. But at no time in the thirteen months between remand and the second trial did appellants move to set the deemed admissions aside. *See Darr v. Altman*, 20 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (no good cause for withdrawal where party waited three months to move to withdraw admissions after learning of existence of unanswered requests). Appellants failed to establish good cause and made no argument of lack of unfair prejudice to MacArthur Ranch. *See Gillenwater*, 285 S.W.3d at 881.

Appellants' arguments also fail to address their duty to supplement their discovery responses under rule 193.5. *See* TEX. R. CIV. P. 193.5(a). Rule 193.5(a) imposes a duty to amend or supplement certain responses to written discovery on a party "who learns that the party's response . . . was incomplete or incorrect when made . . . or is no longer complete and correct." Rule 193.5(b) requires the amendment or supplement to be made "reasonably promptly after the party discovers the necessity of such a response." No supplement was ever made by any of the appellants.

An appellate court should set aside the trial court's ruling on a motion to withdraw deemed admissions "only if, after reviewing the entire record, it is clear that the trial court abused its discretion." *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). A review of the entire record reveals that most, if not all, of the evidence Qui Phuoc and Tong would have offered contrary to their deemed admissions came in through the testimony of other witnesses or through their own stipulations. The trial court carefully overruled MacArthur Ranch's objections

–15–

to the admission of evidence contrary to the deemed admissions when offered through the testimony of Mau Thi and Toan, who were not bound by the admissions. *See* TEX. R. CIV. P. 198.3 (matter admitted is conclusively established "as to the party making the admission"). Toan testified, for example, that Tong paid him $70,000 for the transfer of the Clint property, contrary to Toan's admission that he "paid nothing" for Toan's interest in the Clint property. And both Toan and Qui Phuoc testified that the intent of Toan's transfer of the Princess property was to obtain a tax exemption for Qui Phuoc and Mau Thi, contrary to Qui Phuoc's admission that the transfer was intended to hinder MacArthur Ranch's collection of its judgment.

As discussed above, the thrust of Qui Phuoc and Mau Thi's defense was that the Princess property was their homestead, in which Toan had no interest, and was therefore not subject to TUFTA. None of the deemed admissions address whether the Princess property was the homestead of Qui Phuoc, Mau Thi, or even Toan. Other matters addressed in the admissions, including the intent of Qui Phuoc in accepting the transfer from Toan, are not essential elements of MacArthur Ranch's fraudulent transfer claims. *See, e.g., Flores v. Robinson Roofing & Constr. Co., Inc.*, 161 S.W.3d 750, 756 (Tex. App.—Fort Worth 2005, pet. denied) (transferee's awareness of fraudulent nature of transfer is not essential element of claim under TUFTA). A review of the record as a whole does not reveal an abuse of discretion by the trial court in denying appellants' motion to strike the deemed admissions. *See Stelly*, 927 S.W.2d at 622.

In addition to contradicting his admissions, Tong's affirmative defense that he paid Toan for the transfer was not pleaded until after the deadline set in the trial court's scheduling order, and was not disclosed in response to a request for disclosure asking for Tong's legal theories or the general factual bases of his defenses. Any one of these failings would support the trial court's exclusion of evidence of the defense. *See Hahn*, 321 S.W.3d at 526 (good faith is affirmative defense to fraudulent transfer claim; party invoking the defense bears burden to

establish good faith and reasonable equivalence of consideration obtained); TEX. R. CIV. P. 94 (matters constituting affirmative defense must be pleaded); TEX. R. CIV. P. 193.6 (party who fails to make, amend, or supplement discovery response in timely manner may not introduce into evidence the material or information that was not timely disclosed).

In addition, even if permitted to plead and offer evidence that he took the Clint property "in good faith and for a reasonably equivalent value," Tong could not avoid MacArthur Ranch's TUFTA claim because he was an insider and knew that Toan was insolvent. *Hahn II*, 394 S.W.3d at 30 (when transferee is insider and knows transferor is insolvent at time of transfer, he cannot be good faith transferee). The parties stipulated that Tong and Toan were brothers. The parties also stipulated that Toan was approximately $600,000 in debt at the time he made the transfers, and Toan testified that he told Tong before the transfer that "I'm really in bad financial shape. If I don't have the money I may go to jail and I owe these people money and all that."

Finally, we reject appellants' argument that the trial court's exclusion of evidence was in violation of our mandate in the first appeal. No issue was presented in the prior appeal regarding the deemed admissions or other discovery. Under the trial court's new scheduling order, the discovery period was reopened, but appellants did not avail themselves of the opportunity during that period to provide supplemental responses or request that their previous admissions be set aside. Appellants do not cite any authority for their contention that discovery taken in preparation for a first trial must be discarded after reversal and remand. Rather, in *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, No. 05-11-01014-CV, 2013 WL 3355199, at *2–3 (Tex. App.—Dallas July 2, 2013, pet. denied) (mem. op.), an appeal after remand, we concluded the trial court did not abuse its discretion by enforcing a deadline that elapsed prior to the original summary judgment that we reversed in the first appeal. Spin Doctor had not designated its experts by the deadline in the trial court's original scheduling order, prior to the original summary judgment,

and the trial court denied a renewed motion to designate experts after remand on the same basis. *Id.* at *1–2. We rejected Spin Doctor's arguments that it had good cause for its late designation and there was no unfair surprise or prejudice to Paymentech. *Id.* at *2. Thus, we concluded that the trial court had discretion to deny leave to designate experts as untimely even where the case had been reversed and remanded after appeal. *See id.* Further, assuming appellants' argument that the exclusion of evidence was a "sanction" is correct, the trial court's power to impose certain sanctions survives even after a party has nonsuited its claims. *See Villafani v. Trejo*, 251 S.W.3d 466, 469–70 (Tex. 2008). Our reversal of the trial court's judgment and remand of the case for trial did not nullify all pretrial proceedings, and the trial court did not violate our mandate by excluding the evidence in question. We overrule appellants' third and sixth issues.

## E. Attorney's fees

Appellants' fourth, fifth, and seventh issues complain of the trial court's application of TUFTA in its awards of attorney's fees and prejudgment interest and in its judgment regarding the value of the Princess property. We address these issues in turn.

In their fourth issue, appellants argue that the trial court abused its discretion by (1) signing a judgment awarding attorney's fees to MacArthur Ranch prior to receiving and reviewing appellants' controverting affidavit, even though the trial court stated that appellants' counsel could have "an opportunity to prepare an objection to either the judgment or the attorneys' fees or both"; and (2) awarding attorney's fees when appellee's supporting affidavit did not meet the standards of *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012), *City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013), and *Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014).

Section 24.013 of TUFTA provides that "the court may award costs and reasonable attorney's fees that are equitable and just." We explained in *Walker v. Anderson*, 232 S.W.3d

899, 919 (Tex. App.—Dallas 2007, no pet.), that "[t]his provision of TUFTA gives the trial court the sound discretion to award attorney's fees based on the evidence the trial court heard."

Although the trial court signed the judgment on the same day MacArthur Ranch's attorneys filed their fee affidavit and before appellants had an opportunity to file objections, appellants filed their objections shortly thereafter, and reasserted them in their motion for new trial, attaching their attorney's initial controverting affidavit. The trial court therefore had an opportunity to consider appellants' objections and to modify, correct, or reform the judgment while the motion for new trial was pending. *See* TEX. R. CIV. P. 329b. In its findings of fact and conclusions of law, the trial court found MacArthur Ranch's reasonable and necessary attorney's fees for preparation and trial to be $36,000, and concluded that fees of $36,000 through trial "are equitable and just."

In his affidavit challenging MacArthur Ranch's attorney's fees, appellants' counsel testified that the fees were unnecessary and excessive. He also testified that MacArthur Ranch failed to provide sufficient detail under the "lodestar method." In the affidavit supporting MacArthur Ranch's request for attorney's fees, J. Kent Davenport testified to his experience, qualifications, and practice; his billing rates and the number of hours spent; his consideration of the factors in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); a list of tasks performed in the course of the representation; and a segregation of the fees among the appellants. The affidavit also includes testimony regarding reasonable fees for appeal.

In *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, No. 05-14-00774-CV, 2015 WL 4607425, at *8 (Tex. App.—Dallas Aug. 3, 2015, no pet. h.) (mem. op.), we discussed *El Apple* and *Montano*. We explained that "*El Apple* does not require the admission of hourly time

records in all cases, nor do we require that all attorney's fees recoveries in Texas are governed by the lodestar method." *Id.*

In *Tanguy v. Laux*, No. 01-13-00501-CV, 2015 WL 3908186, at *6–7 (Tex. App.—Houston [1st Dist.] June 25, 2015, no pet. h.) (mem. op.), the court explained that TUFTA § 24.013 "entrust[s] awards of attorney's fees to the trial court's sound discretion," citing *Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex. 1998). In *Bocquet*, the court discussed statutory language similar to TUFTA; the Declaratory Judgments Act provided that the trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." *Bocquet*, 972 S.W.2d at 20 (quoting TEX. CIV. PRAC. & REM. CODE § 37.009). The court explained that the statutory language "does not require an award of attorney fees to the prevailing party," but instead "affords the trial court a measure of discretion in deciding whether to award attorney fees or not." *Id.* The court continued, "[t]he same is true of other statutes that provide that a court 'may' award attorney's fees." *Id.*

The *Bocquet* court noted "four limitations on the court's discretion" in making an award of attorney's fees, however. *Id.* The statute "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Id.* Courts of appeal conduct a "multi-faceted review involving both evidentiary and discretionary matters" to determine whether the trial court's ruling was arbitrary, unreasonable, or without regard to guiding legal principles, or was without supporting evidence. *Id.* at 21.

Davenport's affidavit detailed the reasonableness and necessity of MacArthur Ranch's fees, and the trial court's findings were based on this evidence. *See Walker*, 232 S.W.3d at 920. The affidavit, as well as the record as a whole, also supports a conclusion that the fees were

–20–

equitable and just.  *See Bocquet*, 972 S.W.2d at 21.  We conclude the trial court did not abuse its discretion in determining that MacArthur Ranch's attorney's fees were reasonable, or that an award of reasonable attorney's fees to MacArthur Ranch was equitable and just. *See id.*  We overrule appellants' fourth issue.

## F.  Prejudgment interest

Appellants' fifth issue complains of the trial court's award of prejudgment interest. Arguing that TUFTA "imposes no liability against the transferee, but only gives the creditor various options to access the value of the asset at the time of transfer," appellants conclude that an award of prejudgment interest "flies in the face of the clear intent of TUFTA."  Appellants rely on our opinion in *Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 299 (Tex. App.—Dallas 2013, no pet.), in which we stated that "an UFTA claim does not lend itself to a fault allocation scheme."  We explained, "[r]ather, the focus of an UFTA claim is to ensure the satisfaction of a creditor's claim when the elements of a fraudulent transfer are proven." *Id.*  Our explanation in *Challenger Gaming Solutions, Inc.*, however, was given in support of our conclusion that "the proportionate responsibility statute does not apply to an UFTA claim." *Id.* at 298.  We did not address an award of prejudgment interest.

"There are two legal sources for an award of prejudgment interest:  (1) general principles of equity and (2) an enabling statute." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998), *superseded by statute on other grounds*, TEX. FIN. CODE ANN. § 304.1045.  "Prejudgment interest is 'compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.'" *Id.* (quoting *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985)).

MacArthur Ranch relies on *GE Capital Commercial, Inc. v. Worthington National Bank*, No. 3:09-CV-572-L, 2012 WL 2159185, at *18–19 (N.D. Tex. Dec. 3, 2012) (mem. op.), *aff'd*, 754 F.3d 297 (5th Cir. 2014), and *Floyd v. Option One Mortgage Corp. (In re Supplement Spot, LLC)*, 409 B.R. 187, 208–09 (Bankr. S.D. Tex. 2009), in which the courts determined that an award of prejudgment interest was appropriate in a TUFTA case. After citing *Johnson & Higgins*, the *GE Capital* court explained, "Texas courts have frequently found that equity allows for an award of prejudgment interest in fraudulent transfer cases and have awarded prejudgment interest in such cases." *Id.* (citing *Floyd* and several unpublished Texas cases in which prejudgment interest was awarded without discussion). MacArthur Ranch also cites cases from other states decided under the Uniform Fraudulent Transfer Act allowing prejudgment interest on UFTA claims. *See* TUFTA § 24.012 (TUFTA "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it"); *see, e.g., Wiand v. Lee*, 753 F.3d 1194, 1205 (11th Cir. 2014) ("Florida courts have awarded prejudgment interest on FUFTA claims and on unjust enrichment claims as a matter of course."). Appellants, in contrast, do not cite authority in which an award of prejudgment interest in a fraudulent transfer case was determined to be an abuse of discretion. We overrule appellants' fifth issue.

## G. Adjustment of value of asset

In their seventh issue, appellants contend the trial court abused its discretion by failing to adjust the value of the Princess property to reflect that Mau Thi and Qui Phuoc paid the down payment, mortgage, taxes, and insurance on the property. They rely on section 24.009(c)(1) of TUFTA, which provides that if a judgment is based upon the value of the asset transferred, "the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require." Appellants argue that because "the evidence clearly

–22–

established that Toan Ho paid nothing towards the Princess House," the trial court should have "adjusted the judgment at least to the extent of the monies paid by" Qui Phuoc and Mau Thi in order to "adjust the equities."

The fair market value of the Princess property at the time Toan transferred his interest to Qui Phuoc and Mau Thi without consideration was $78,000, based on the appraisal of the expert witness who testified at trial; the amount was also agreed to in the parties' pretrial stipulations. Section 24.009(c) does not allow adjustment "to include the value of improvements made by a good faith transferee," including payment of tax on the asset or "payment of any debt secured by a lien on the asset that is superior or equal to the rights of a voiding creditor under this chapter." TUFTA § 24.009(c)(2)(C), (D). The judgment against Qui Phuoc and Mau Thi is for $26,000, reflecting Toan's one-third interest established at trial, and allowing credit to Qui Phuoc and Mau Thi for their interests. We conclude the trial court did not abuse its discretion in determining the value of Toan's interest in the Princess property at the time he transferred it to his parents. We overrule appellants' seventh issue.

## CONCLUSION

Having overruled appellants' seven issues, we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

140741F.P05

–23–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUI PHUOC HO, MAU THI NGUYEN
AND TONG HO, Appellants

No. 05-14-00741-CV     V.

MACARTHUR RANCH, LLC, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 09-05369-A.
Opinion delivered by Justice Brown;
Justices Evans and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MacArthur Ranch, LLC recover its costs of this appeal from appellants Qui Phuoc Ho, Mau Thi Nguyen and Tong Ho.

Judgment entered this 28th day of August, 2015.